## MALLORY VS. MARINER.

Judgment for a mortgagor in an action to restrain the mortgagee from proceeding with a foreclosure suit, and compel him to discharge the mortgage, is no bar to a subsequent action to recover the *penalty* allowed by statute for the mortgagor's refusal to execute such discharge, and the special damages occasioned by such refusal.

APPEAL from the Circuit Court for *Racine* County.

This action was brought in July, 1860, to recover the statutory penalty of $100, for the refusal of the defendant to execute a discharge of the mortgage mentioned in the preceding case, and also for actual damages alleged to have been occasioned by such refusal. The pleadings are stated in the opinion of the court. The plaintiff recovered judgment in the circuit court, for the penalty and for $130.66, special damages.

*E. Mariner*, pro se :

The circuit judge erred in deciding that the record in the former suit was not a bar or estoppel in this suit. *Duchess of Kingston's Case*, and notes, 1 Smith's L. C., 417 ; 9 Wis., 25. It did not matter that in the former action the plaintiff joined a cause of action at law with an equitable cause of

action. There was no demurrer. *Cary v. Wheeler*, 14 Wis., 281.

*J. J. Pettit*, for respondent.

*By the Court*, PAINE, J. This was an action brought to recover the penalty and damages for refusing to discharge a mortgage, claimed to have been paid, in pursuance of sec. 46, chap. 86, R. S., 1858. The only defense set up in the answer was a former suit for the same cause of action, in bar. The record of the former suit was introduced, and the only question presented on this appeal is, whether the court below erred in holding that it was not a bar to this suit. We think it very clear that there was no error. The record fully disclosed that the former suit was an equitable action, brought not to recover the penalty and damages allowed by statute for refusing to discharge the mortgage, but to restrain the defendant from proceeding in a foreclosure suit, and to compel him to discharge the mortgage. It is true the same facts were set up in that case that are now set up in this, but it was done for an entirely different purpose, and to establish an entirely different and distinct cause of action. The one was an equitable action to compel a discharge of the mortgage, the other a legal action for a penalty and damages allowed by statute. These two causes of action are quite as distinct since the adoption of the Code as they would have been before. Under the old system they could not have been joined. Under the present they might be perhaps, but the party was not obliged to join them. And it is very apparent that he did not. For although in the equitable action he alleged the same facts, yet he asked only the proper equitable relief, and neither asked nor obtained any judgment for the penalty or the damages authorized by statute. We deem it very clear, therefore, that the former action was no bar to the present; and the judgment must be affirmed, with costs.