Lemke vs. Daegling.

LEMKE vs. DAEGLING.

*May 16 — June 4, 1881.*

PRACTICE. *(1) Two motions disposed of by one order. (2) Trial by referee: Review of exceptions taken before referee. (3) Variance.*
REVERSAL OF JUDGMENT: *(4) For admission of evidence disregarded in finding.*

1. Where one party moved to confirm, and the other to set aside, the report of a referee for trial, an order of the court modifying the report is held to have sufficiently disposed of both motions.
2. In a case tried by a referee, where the court below has confirmed or modified his report, but has failed to pass specifically upon the exceptions taken before him and renewed in the court, this court, on appeal, will, in its discretion, pass upon the exceptions, or reverse the judgment and direct the court below to pass upon them in the first instance; and the latter course will be pursued only in doubtful cases involving many exceptions. A remark *obiter* in *Fairbank v. Newton,* 46 Wis., 644, withdrawn.

3. Where the complaint is on a *quantum meruit*, and the proof shows a special contract and a balance due plaintiff thereon, the variance may be disregarded, or the complaint amended, after judgment, by the proofs.

4. The admission of improper evidence is no ground of reversal, where it appears that such evidence was disregarded in the finding.

APPEAL from the Circuit Court for *Washington* County. Action to enforce a mechanic's lien for mason work on a dwelling-house. The complaint is on a *quantum meruit*. It alleges the value of the work to be $130, admits a payment of $60, and demands judgment for the balance. The answer alleges: (1) That the work was done under a special contract by the defendant to do the same for $80; and (2) that the price thereof did not become due until after the action was commenced. It also contains an averment that the work was unskilfully done, and a counterclaim for damages by reason thereof. The cause was tried before a referee, who found and reported that plaintiff performed for defendant the alleged work "for the agreed price and of the value of eighty-six dollars," which sum became due and payable at the completion of the work (which was before this action was commenced); that defendant has paid $60 on account thereof; that defendant should be allowed $5 on his counterclaim; and that plaintiff is entitled to judgment for $21. On the motion of plaintiff to confirm, and of the defendant to set aside, the referee's report, the circuit court modified the report by striking out the word "*six*" in that portion above quoted, and also by striking out "$21" and inserting "$15" as the sum which the plaintiff was entitled to recover; and in all other particulars confirmed the report. Judgment for the plaintiff was entered accordingly, from which the defendant appealed.

The cause was submitted on the brief of *Frisby & Weil* for the appellant, and that of *Frisby & Barney* for the respondent.

LYON, J. The recitals in the order of the circuit court modifying the report of the referee, and in the judgment, sufficiently show that the court adjudicated the motion of plaintiff to confirm the report, and that of defendant to set it aside. In substance and effect the order denies the motion to confirm as to six dollars of the balance found due the plaintiff, and grants it as to the residue of the report. It also grants the motion of defendant as to such six dollars, and denies it in all other respects. The motion to set aside the report is founded expressly upon the exceptions taken before the referee, and specially and in detail renews such exceptions in the circuit court. The record fails to show that the court passed specifically upon any of these exceptions. It is claimed on the authority of *Fairbank v. Newton*, 46 Wis., 644, that this omission is fatal to the judgment. The real point decided in that case is, that a judgment entered pursuant to a report of a referee cannot be upheld, unless such report has been confirmed by the court. The opinion, it is true, blends the omission to confirm the report with the omission to pass upon the exceptions. In this it may be misleading, and probably has misled the learned counsel for the defendant. But what is there said of the omission to pass upon the exceptions taken before the referee, is purely *obiter*. The question was not before the court. My recollection is, that it did not appear from the record that such exceptions were ever renewed in the circuit court.

The true rule is, that when, as in this case, the court has confirmed or modified the report of the referee, but has failed to pass specifically upon the exceptions taken before the referee and renewed in the court, this court, on appeal, will in its discretion·pass upon the exceptions, or reverse the judgment and direct the court below to pass upon them in the first instance. The latter course will be pursued only in doubtful cases involving many exceptions; and this to the end that this court

may be relieved from passing upon such of the exceptions as the court below may determine in favor of the appellant. But when the merits are clear, and especially when the amount involved is inconsiderable, there is no good reason why the case should not be finally determined by this court. We will now briefly consider the exceptions on behalf of the defendant to the rulings of the referee, which are relied upon to reverse the judgment.

1. The complaint goes on a *quantum meruit*, and the undisputed evidence proves that the work was done under a special contract as alleged in the answer. This, it is claimed, defeats the plaintiff's right to recover under the pleadings as they stand. We think otherwise. Suppose a plaintiff sues *quantum meruit* for services, and claims, say $100. The defendant answers, "True, I owe the plaintiff $100 for services, but the indebtedness did not accrue *quantum meruit*, as he claims, but under a special agreement between us that he should render the services for that sum." Can there be any doubt that judgment for the plaintiff for the sum claimed would be upheld, either with or without an amendment of the complaint? We think not. In this case the defendant not only alleges the special contract, but proved it conclusively on the trial. Why should not that contract be the measure of his liability? And what necessity for amending the complaint so as to confess the answer? We think the case comes fairly within that class of cases in which a variance between the complaint and proof may be disregarded, or the complaint may be amended to correspond with the proof.

2. It is objected that the findings of fact do not include all of the issues. The material questions were: (1) Was the work done under a special contract? (2) Was the price due when the action was commenced? and (3) Was the work properly done? On the first question, as already stated, the evidence was all one way, and the referee substantially found that there was a special contract; at least, that is the effect of the modi-

fication of his finding made by the court. The referee also found expressly that the price of the work was due before the action was commenced, and substantially that the work was not properly done, by means whereof the defendant suffered damages to the amount of five dollars.

3. The court overruled an objection to the following question put to a witness by counsel for the plaintiff: "Reckoning the price of doing all the mason work on that building at $80, was not that plastering reasonably well done?" The witness answered in the affirmative. The question was clearly improper, and the objection to it should have been sustained. The answer of the witness should be disregarded, and manifestly was disregarded by the referee, else the finding on the counterclaim would have been for the plaintiff.

There is abundant competent evidence to support the findings of the referee as modified by the court, and those findings are sufficient to support the conclusions of law and the judgment. The judgment must therefore be affirmed.

*By the Court.*— Judgment affirmed.