Mason vs. Beach and others.

Mason vs. Beach and others.

*October 10 — October 31, 1882.*

TRANSFER OF INTEREST: SETTLEMENT. *(1) When settlement with original plaintiff valid, after transfer of his interest.*
MORTGAGE: DISCHARGE: QUITCLAIM DEED. *(2, 3) Payment to person having apparent authority to satisfy. (5) Discharge may be by quitclaim deed.*
FORECLOSURE OF MORTGAGE: AMENDMENT OF PLEADING. *(4) Action to foreclose barred by discharge of mortgage, and cannot be converted into action on debt.*

1. Under sec. 2801, R. S., which provides that "in case of a transfer of interest, the action *may be continued* by or against the original party, or the court may direct the person to whom the interest is transferred to be substituted in the action, or joined with the original party," unless there is some *action of the court*, either in allowing the action to be continued in the name of the original plaintiff or in directing the substitution or joinder of the real owner of the cause of action, the rights of such owner will not prevail against a subsequent settlement made with, or a satisfaction or discharge obtained from, the original plaintiff, without notice of the transfer of interest.
2. A mortgagor may pay or settle with the person having the apparent authority to receive satisfaction of the mortgage, and a discharge thus obtained will prevail against one having a secret, concealed or reserved interest in the mortgage. *Mallory v. Mariner*, 15 Wis., 172.

3. So *held*, where, during the pendency of an action to foreclose a mortgage, the plaintiff executed a quitclaim deed of the premises to the mortgagor, who received the same without notice of the fact that, pending the action and before such deed was executed, the plaintiff had assigned the mortgage and the bond secured thereby to a third person.

4. Though the discharge of a mortgage may not be a satisfaction of the debt or evidence of its payment, it is a complete bar to an action to foreclose the mortgage. Such action cannot be treated as, or by amendment converted into, an action at law upon the bond secured by the mortgage.

5. Although, under the statute and practice in this state, the *fee* no longer vests in the mortgagee even upon condition broken, he nevertheless obtains an *interest* in the mortgaged premises which may pass by a conveyance; and a quitclaim deed to the mortgagor from the owner of the mortgage operates as a discharge thereof.

APPEAL from the Circuit Court for *Crawford* County.

Action to foreclose a mortgage. A supplemental answer alleged that during the pendency of the action the defendant *Beach*, the mortgagor, had settled the mortgage and the matters in controversy with the plaintiff, and had received from him a release and quitclaim deed of the mortgaged premises. Other facts are stated in the opinion. The plaintiff appealed from a judgment dismissing the complaint.

*E. Mariner*, for the appellant.

*O. B. Thomas*, for the respondent.

ORTON, J.   There was a supplemental answer, and it was proved and found by the court that during the pendency of the suit the plaintiff, the assignee of the mortgage, by a proper conveyance for that purpose, quitclaimed the mortgaged premises to the defendant, the mortgagor, and thereby satisfied and discharged the mortgage sought to be foreclosed in this action. The learned counsel of the appellant testified that, pending the suit and at the time such quitclaim deed was executed, he had purchased and become the owner, and then was the real owner and holder of the

bond and mortgage, and contends that such discharge of the mortgage was without his authority, knowledge, or consent, and was therefore ineffectual. It appeared, however, that the defendant had no knowledge or information of that fact, and received such discharge from the plaintiff in ignorance of its assignment by him to any one. The statute (sec. 2606, R. S.), protects and renders effectual such a discharge as a defense to the suit under such circumstances. It provides that " in case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment."

In answer to this it is urged that when a cause of action is transferred pending the suit the action may be continued in the name of the former plaintiff, and cites sec. 2801, R. S., and contends that such former plaintiff thereafter remained a merely *nominal* party, without interest or right, and that no settlement, satisfaction, or discharge of the cause of action by him can affect the rights of the real owner thereof, either in the subject matter of the action, or in the relief he would be entitled to in the action as the real party plaintiff. But this statute can have no such interpretation. Sec. 2800 provides that no action shall abate by any occurrence or event if the cause of action survives; and sec. 2801 provides that " in case of a transfer of interest the action *may be continued* by or against the original party, or the court may direct the person to whom the interest is transferred to be substituted in the action or joined with the original party, as the case requires." (1) The action does not abate by such an occurrence or event as the transfer of the interest of the plaintiff; (2) the action may be continued in the same plaintiff; or (3) the real party in interest may be substituted or joined. The language is "may be continued," and not "may continue." Both in the language and obvious construction of these provisions, the action of the court is clearly implied (1) in allow-

ing the action "to be continued" in the name of the original plaintiff, or (2) in directing the substitution or joinder of the real party in interest. The same language, "may be continued," is used in sec. 2802 in case of the death of an officer, receiver, or trustee, in whose name the suit is brought; and in sec. 2803 the language "the action to be continued" is used in case of the death or disability of a party, and in both cases the action of the court is required.

By this reasonable construction the court, the opposite party, and all persons interested may know who the real party in interest is at all times during the pendency of the suit and when judgment is rendered, and who is responsible and has authority to settle, compromise, or receive payment, satisfaction, or discharge of the cause of action; and no one will be entrapped, defrauded, or injured by concealed interests or secret trusts, as might possibly be the case, even here, by a different construction of the statute. Where, therefore, it appears to the court that the plaintiff has transferred his cause of action pending the suit, the court may allow the action "to be continued" in the name of the original plaintiff, or substitute the name of the person to whom it is transferred, or join such person with the original plaintiff. Here there was no disclosure of any transfer of the bond and mortgage, except at the trial, and, by the testimony of the learned counsel on the stand as a witness, long after the discharge of the mortgage by the plaintiff, and no action of the court was had to continue the suit in the name of the original party plaintiff to the use of the pretended assignee, or to substitute or join such assignee therein. The learned counsel, by not thus disclosing his interest, has allowed the plaintiff to exercise the very fullest authority in the conduct and disposition of the action, and the paramount right to discharge the mortgage, which is the subject matter of the action, and by his silence and the concealment of his interest has allowed the defendant, the mortgagor, to believe that the plaintiff was

the owner of the bond and mortgage when such discharge was procured from him.

Under such circumstances, if the statute was not perfectly clear for his protection, the principle recognized by this court in *Mallory v. Mariner*, 15 Wis., 172, would be sufficient to that end. In that case the mortgagor was *once* informed of the full authority of an attorney of the mortgagee to settle the suit of foreclosure, and receive satisfaction of the mortgage in a certain manner; and when the suit was so settled, and the satisfaction was so received, the mortgagor had not been informed otherwise in relation to the authority of the attorney. The mortgage was declared satisfied and discharged, and the mortgagee restrained by injunction from foreclosing it; and in the next case between the same parties (15 Wis., 177), a judgment against the mortgagee, for the penalty for refusing to satisfy the mortgage of record, was affirmed. The principle seems to be well established that the mortgagor may pay or settle with the person having the apparent authority to receive satisfaction of the mortgage; and a discharge of the mortgage thus obtained will prevail against those having a secret, concealed, or reserved interest in the mortgage. See, also, *Jackson v. Crafts*, 18 Johns., 110.

It is contended and it may be that the discharge of the mortgage simply is no satisfaction of the debt, or evidence of its payment. This suit is in equity for the foreclosure of the mortgage, and certainly cannot be treated as a suit at law on the bond, or converted into such a suit by the widest liberality or latitude of amendment. *Sweet v. Mitchell*, 15 Wis., 641. A personal judgment for deficiency even in such a case can only follow foreclosure and sale. The action is therefore for foreclosure and nothing else, and if the mortgage is discharged the action is gone. It is immaterial, therefore, whether such a discharge is satisfaction of the debt or not, so far as this action is concerned. It is contended further, by the learned counsel of the appellant, that

the quitclaim deed of the plaintiff to the defendant of the mortgaged premises was not a discharge of the mortgage, and could not in itself operate as such.

The adjudicated cases in which this question has arisen are very few, so far as I have been able to ascertain, and, probably, because there is very little question about it, or this method of discharging mortgages is not common. The former, and what might almost be called the common law relation of mortgagor and mortgagee to the legal estate or title in fee, and still recognized in many of the states, and in the state where the plaintiff and grantor in the quitclaim deed resided, has been so changed by our statute and practice that the fee no longer passes to the mortgagee, even upon condition broken, and can only pass by means of the mortgage, by foreclosure and sale. *Wood v. Trask,* 7 Wis., 566, and many other cases in this court. On the other hand, when the mortgagee has gone into the possession of the mortgaged premises under the mortgage, the mortgagor has not sufficient title in fee or otherwise, to bring ejectment against him and obtain the possession (*Tallman v. Ely,* 6 Wis., 244; *Hennesy v. Farrell,* 20 Wis., 42); and to the extent of the mortgagee's interest, whatever it may be called, and for his protection, the possession of the mortgagor and those holding under him is the possession of the mortgagee, and they are estopped from denying his title or of claiming adversely to him. *Avery v. Judd,* 21 Wis., 262. Whatever interest in the land the mortgagee obtains, less than the fee, under these decisions, and whatever it may properly be denominated, it is certainly an *interest,* and a substantial interest, which may pass by a conveyance. By our statute (sec. 2203, R. S.), "conveyances of land, *and of any estate or interest* therein, may be made by deed," etc. It follows, therefore, that, according to the old or the modern theory of mortgages, a quitclaim deed by the mortgagee will operate as a discharge of the mortgage. 1 Hilliard on Mortg.,

p. 550, § 50; *Jerome v. Seymour*, Harrington Ch. (Mich.), 357. Formerly a conveyance by the mortgagee upon the payment or satisfaction of the mortgage was required by rule, as the proper method of discharging it, on the theory that the mortgagee held the legal title in trust for the mortgagor. 1 Powell on Mortg., 396; *Cholmondely v. Clinton,* 2 Meriv., 361; Sugden on V. & P., 295. By any theory of mortgages, the mortgagee holds some interest in the land as such trustee, and if he enter after condition broken he certainly then holds both this interest, whatever it is, and the possession also, in trust for the mortgagor. Therefore, whatever interest in this land the plaintiff, as the assignee of the mortgagee, held, and the whole of it, was conveyed to the defendant *Zenas Beach* by this quitclaim deed, and the mortgage as such was thereby discharged and the right of foreclosure thereof gone. It is unnecessary to notice the other defenses to the foreclosure, as this was clearly effectual to warrant a judgment for the defendants.

*By the Court.*— The judgment of the circuit court is affirmed.