STANDARD PRINTING COMPANY, Respondent, vs. DEMOCRAT
PUBLISHING COMPANY, Appellant.

*February 1 — February 23, 1894.*

*Contracts: Corporations.*

The evidence in this case is *held* to sustain a finding that the work of
publishing a newspaper was done by plaintiff for defendant under
an implied agreement that plaintiff should be paid therefor what
it was reasonably worth, although there was testimony tending to
show that, until the organization of the defendant corporation by
the owners of the paper, plaintiff had done the work on different
terms, under a contract with such owners.

APPEAL from the Circuit Court for *Brown* County.

The action is to recover for services rendered and ma-
terials furnished by the plaintiff in publishing the Brown
County Democrat newspaper for the defendant. The trial
was by the court without a jury. The court finds that
both parties are corporations; that the defendant's organi-
zation was perfected on the 2d day of January, 1889; that
at that time it became the owner of the Democrat news-
paper, which it edited and published until after January,
1890; that the defendant owned no press, office, or outfit,
and that the plaintiff, during all that time, for fifty-two
weeks, furnished the paper on which the newspaper was
printed, and printed for the defendant the weekly edition
of the Democrat; that the value of such paper and serv-
ices was $16.25 per week, or $845 in the whole; that the
plaintiff had received certain earnings of the newspaper,
which, being deducted, leaves a balance due to the plaintiff
of $223.31. The plaintiff had judgment for $223.31, from
which the defendant appeals.

For the appellant there was a brief by *Wigman & Mar-
tin,* and oral argument by *P. H. Martin.*

*F. C. Cady,* for the respondent.

NEWMAN, J.   The finding and judgment seem to be consistent with the case made by the complaint, and embraced within the issue (R. S. sec. 2886; *Lemke v. Daegling*, 52 Wis. 501), although not following very closely the case made by either complaint or answer alone.

At the time when the plaintiff began to publish the Brown County Democrat newspaper, the defendant had no existence. The newspaper was then owned by Smith and McGeehan. It was published by the plaintiff for them. The defendant was organized January 2, 1889, Smith and McGeehan being the principal stockholders. From that time it owned the newspaper; from that time the publication was for the defendant. There does not appear to have been any express agreement made, at the time when the defendant became the owner, as to the terms upon which its future publication was to be made. The finding is silent upon this point; but it goes upon the theory that there was no such express agreement. It finds, in effect, that the newspaper was published for the defendant, for one year after January 2, 1889, upon the implied agreement that the defendant should pay for the service such sum as it should be reasonably worth.

The principal dispute is upon the question of the rate which was to be paid for the service. Manifestly, this must be such sum as the services are reasonably worth, unless some other sum or rate is agreed upon. It was alleged and controverted upon the trial that the plaintiff had done the same work for Smith and McGeehan, by agreement, for what profit it could make out of the publication of the newspaper. And the main contention at the trial seems to have been on this point. Here seems to have been the stress of the trial, on the theory, apparently, that the court could or should infer that the work was to be done for the defendant upon the same terms as it had been done for Smith and McGeehan. This was really only a collateral

issue. Its decision could not be controlling of the case; for, whatever the fact, it was but evidence, more or less persuasive, upon the question, What was the agreement upon which the work was done for the defendant? And it was a serious question whether the court ought to infer a promise by the defendant to abide by the previous contract of Smith and McGeehan, however clearly established. *Buffington v. Bardon*, 80 Wis. 635. The trial court made no finding upon this collateral issue, but upon the material issue of what was the agreement between the plaintiff and defendant it did find, in effect, that the work was done upon an implied promise that the plaintiff should be paid for it such sum as it should be reasonably worth. It cannot be held that the finding is not sustained by the evidence, nor that it is against the weight of evidence, whatever may have been the agreement between the plaintiff and Smith and McGeehan for the previous work.

*By the Court.*— The judgment of the circuit court is affirmed.