# Mutual Building & Loan Association *et al.* v. Wyeth.

### *Bill in Equity to foreclose a Mortgage.*

1. *Deed; description of property conveyed.*—A deed purporting to convey "two thirds of the following described lot," which is particu-larly described, without any description or attempted identification of the particular two-thirds of the lot intended to be embraced in the conveyance, is void for uncertainty and ·indefiniteness of de-scription.

2. *Mortgagor and mortgagee; absolute. conveyance of mortgaged prop-erty by mortgagee to mortgagor destroys all the grantor's rights under the mortgage.*—Where, after the execution of a motgage upon lands, the mortgagee executes to the mortgagor an absolute and unconditional conveyance in fee to the lands embraced in the mortgage, such con-veyance destroys all the right and title of the mortgagee to said lands under the mortgage.

3. *Vendor and purchaser; enforcement of vendor's lien on a bill filed to foreclose a mortgage.*—The relief by way of declaring and enforcing a vendor's lien, is of the same general character as relief granted upon a bill filed to foreclose a mortgage given to secure the purchase money; and where, upon a bill filed to foreclose a mortgage given to secure the purchase money of land, it· is shown that the said mort-gage was void, and that after its execution the vendor executed an absclute and unconditional conveyance in fee to the lands embraced in the mortgage, the complainant is not entitled to the foreclosure of the mortgage, but if his bill contained a prayer for general relief, the complainant would be entitled under that prayer to have declared and enforced his vendor's lien.

4. *Same; bill to enforce vendor's lien; wife of purchaser not a proper party defendant* —On a bill filed to have declared and. enforced a vendor's lien upon land for the purchase money thereof, the wife of the purchaser is not a.proper party to the suit.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. S. K. MCSPADDEN.

The bill in this case was filed on July 31, 1893, by the appellee against the appellants, to forclose a mortgage. The averments of the bill are sufficiently stated in the opinion. The respondents, John and Louise Brisser, demurred to the bill upon the following grounds : "1. Because there is a misjoinder of parties defendant to said bill ; the said Louise Brisser being improperly made a defendant. 2. Because there is a misjoinder of parties defendant, as to the said George W. Jones. 4. Because it is shown in and by said bill and the exhibits thereto, that complainant has no title or interest, legal or equitable, in or to said premises described in the prayer of the bill. 5. Because it is shown in and by said bill and the exhibits thereto, that complainant has no mortgage upon the premises described in the prayer of the bill. 6. Because complainants' testator .conveyed back to defendant John Brisser by deed of August 17, 1888, all interest, legal or equitable, which the former acquired under the mortgage of April 25, 1888, which is the mortgage here sought to be foreclosed. 7. Because said bill is without equity in this : it is shown in and by said bill that complainant has no claim against, or interest whatever in, the premises described in the prayer of bill.'' The respondent, the Mutual Building & Loan Association, demurred to the bill on the following grounds : "2. Because it is shown in and by said bill and exhibits thereto, that the complainant has no title or interest, legal or equitable, in or to said premises described in the prayer of the bill. 3. Because it is shown in and by said bill and. exhibits, that the complainant has no mortgage upon the premises described in the prayer of the bill. 4. Because complainant's testator conveyed back to defendant, John Brisser, by deed of August 17th, 1888, all interest, legal or equitable, if any, which the former acquired under the mortgage of April 25, 1888, which is the mortgage here sought to be foreclosed. 5. Because the description of the lands

in the mortgage sought to be foreclosed is too vague to authorize the decree of foreclosure prayed for by the complainant.　6.　Because said bill is without equity in this:　it is shown in and by said bill that complainant has no claim against, or interest whatever in, the premises described in the prayer of the bill." Each of these respondents also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers, the chancellor overruled each of them. The respondents appeal from this decree, and assign the same as error.

O. D. STREET, for appellant, cited Code of 1886, § 1824; *Seay v. McCormick*, 68 Ala. 549; *Livingston v. Arrington*, 28 Ala. 424; *Jenkins v. Cooper*, 50 Ala. 419; *Dexter v. Ohlander*, 95 Ala. 467; *Lick v. O'Donnell*, 58 Amer. Dec. 383, note; *Grafton v. Moir*, 27 Amer. St. Rep. 533.

LUSK & BELL, *contra*, cited 3 Brick. Dig. 809, § 155 *et seq.*; 1 Jones on Mortgages, §§ 679, 825; 7 Amer. & Eng. Encyc. of Law, 8; *Merritt v. Phenix*, 48 Ala. 87.

McCLELLAN, J.—Louis Wyeth sold and attempted to convey to John Brisser "a parcel or tract of land," as it is spoken of in the deed, describing it therein as: "Certain portions of a lot in the town of Guntersville, Marshall county, State of Alabama, more particularly described as follows, that is to say:　Two-thirds of the following described lot number three (3) in block A, bounded and described as follows, commencing at a stake at the corner of Blount and Taylor Streets in said town, thence along Blount Street one hundred and fifty-five (155) feet more or less to Gilbrath alley to a stake, thence along said alley and at right angles to said Blount Street seventy-four (74) feet and eight (8) inches to a stake, thence on a straight line to Taylor Street, one hundred and fifty-five (155) feet more or less, thence in a straight line to the beginning." All the purchase money was not paid at the time of this conveyance, and on the same day—April 25, 1888—Brisser and his wife executed a mortgage to Louis Wyeth embracing said land, by the same description as the above contained in the deed, to secure the payment of the balance of the purchase money. After this—on August 17, 1888—Louis

Wyeth executed to Brisser a conveyance in fee of the "east two-thirds" of the lot described in the first deed, in the mortgage and also in this last deed, without any reference therein to, or reservation in respect of, said mortgage. Brisser not having paid the balance of purchase money intended to be secured by the mortgage, the present bill is filed by the executrix of said Wyeth to foreclose the same. In addition to the facts above stated, the bill further avers that at the time of the execution of the first deed and the mortgage the grantor in the deed, who was also mortgagee, "only owned a two-thirds interest in said property, the other one-third interest in said property belonging to George W. Jones; that afterwards Louis Wyeth acquired the undivided or the entire fee in the two-thirds of said lot lying next to Blount Street, and the said Brisser desiring to secure the same, viz., the entire fee, the said Louis Wyeth and his wife executed a deed, dated August 17, 1888, conveying to the said John Brisser the undivided or entire fee to the two-thirds of said lot lying next to Blount Street," the east two-thirds of said lot. The prayer of the bill is for a foreclosure of the mortgage in respect of the two-thirds of the said lot next to Blount Street, the sale thereof to pay the notes secured by the mortgage and all costs and expenses incurred in foreclosing the same, including a reasonable attorney's fee, "and for all other and further relief as the case may require."

The Mutual Building & Loan Association and William McDuffe are each made parties defendant to the bill on the averment that "they are each claiming or asserting an interest of some character in and to said property, the extent and character of which your orator is not advised." George W. Jones was made a party defendant, as also both Brisser and his wife.

We are of the opinion that the deed of April 25, 1888, from Louis Wyeth to John Brisser and the mortgage of the same date from John and Louise Brisser to Louis Wyeth were each utterly void for uncertainty of description of the land intended to be conveyed. The conveyance is not of the lot which is sufficiently described, nor of an undivided interest in said lot, but only of "certain two-thirds" of a particularly described lot without any description or even attempted identification of the particular two-thirds of the parcel intended to be embraced

in the instruments. The language used would as certainly cover the west two-thirds as the east, or the north or south two-thirds as the east or west, and as well the north as the south, and *vice versa*; and it can not be said that it embraces any particular two-thirds part of the lot at all. It might as well be said the conveyance of two-thirds of a plantation covers any particular part of it, or that a grant of two-thirds of a certain section passes title to the south-west quarter thereof. No title passed to Brisser by this deed, and, both because he was without title and that his mortgage back was void for the like uncertainty of description, nothing passed to Wyeth by that instrument.

Moreover, had this deed and mortgage been free from this infirmity of description and efficacious to the effectuation of the real intention of the parties, the mortgage back would have been avoided by the subsequent deed of the mortgagee to the mortgagor. If the mortgage had been valid in the first instance, it would have been essential to its continued life that the fee remain in Wyeth; and no more certain means to the destruction of it and of all rights and liens dependent upon it could have been devised than the unconditional conveyance by the mortgagee of the fee to the mortgagor: this method indeed is not infrequently adopted by the parties wittingly to that end. And we should hold, even upon the assumption of the original validity of the mortgage, that the conveyance by Wyeth to Brisser of August 17, 1888, wholly absolute and unconditional in its terms, destroyed all rights and title of the grantor under that instrument.

But the deed of April 25, being void the title remained in Wyeth until it passed out of him by his conveyance of August 17, just as if no attempt had ever been made to execute the first deed and mortgage. And on the facts laid in the bill, Wyeth after that conveyance clearly had a vendor's lien upon the land for the unpaid balance of purchase money. Relief by way of declaring and enforcing a vendor's lien is of the same general character as relief upon a bill to foreclose a mortgage given to secure purchase money, and is, therefore, obtainable on a bill to foreclose, if the facts stated show the existence of the lien and the amount due, and contains a prayer to which such relief would be responsive. There is, as we have seen, a prayer for general relief in this bill; and we

[Williamson v. Tyson.]

are of the opinion that the complainant under that prayer has a standing in the court of chancery to enforce her vendor's lien against John Brisser. The motion to dismiss the bill for the want of equity was, therefore, properly overruled. Louise Brisser is, however, not a proper party to the bill having equity only in this aspect, and the court erred in overruling the assignment of demurrer which proceeded on the theory of a misjoinder of parties in respect to her. If the alleged claims of the Mutual Building & Loan Association and McDuffe arose subsequently to the conveyance to Brisser, they would be proper parties to this bill; otherwise not.—*Bolling & Son v. Pace*, 99 Ala. 607. It is not conceived how George W. Jones could be a proper party in any event. The 4th, 5th, 6th and 7th assignments of the joint and several demurrers of John and Louise Brisser as also the 2d, 3d, 4th and 6th grounds of the Building & Loan Association's demurrer were well assigned against the bill considered as one to foreclose the alleged mortgage, but all of them were bad as against the bill considered as one to enforce a vendor's lien, and hence were properly overruled.

For the error pointed out above the decree overruling the demurrer is reversed. The cause is remanded.

Reversed and remanded.