LATTON, Respondent, vs. McCARTY and others, Appellants.

*February 23—March 15, 1910.*

*Mortgages: Satisfaction by deed: Payment: Vendor's lien: Enforcement in action to foreclose mortgage: Judgment.*

1. A deed by which a mortgagee conveys to the mortgagor or owner of the equity of redemption all the estate, right, title, interest, claim, or demand in law or in equity of the mortgagee in and to the mortgaged land, operates to satisfy and discharge the mortgage and cannot be contradicted by evidence of a contemporaneous parol agreement that the mortgage shall not be affected thereby.

2. Discharge of a mortgage securing an unpaid balance of purchase money of the land does not *per se* establish payment of such balance, and it may be shown that it was not paid.

3. In an action to foreclose a mortgage securing purchase money, if it appears that the mortgage has been discharged but that the purchase money has not been paid, the court may enforce plaintiff's right to a vendor's lien, treating the complaint as amended to conform to the facts proved.

4. A judgment in such case decreeing foreclosure of the mortgage and sale of the land is permitted to stand after striking therefrom the award of attorney's fees and the direction for a deficiency judgment, since as thus modified it accomplishes the same result as a judgment enforcing the vendor's lien, on terms more favorable to the defendant than are usually imposed.

APPEAL from a judgment of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge. *Modified and affirmed.*

On October 10, 1898, Mike Wagoner and his wife executed a mortgage upon a certain parcel of real estate owned by him in the city of Medford, to secure a note for $250 signed by them in favor of *Arthur J. Latton.* On October 24, 1898, Mike Wagoner entered into a land contract with *John McCarty,* whereby, in consideration of $600, Wagoner agreed to give a warranty deed of these premises to *McCarty* when the purchase price was fully paid. *McCarty* paid $100 at the time of the execution of the contract and agreed to assume payment of the $250 mortgage from Wagoner and his wife in favor of *Latton.* The balance of the purchase price, amounting to the sum of $250, was to be paid in quarter-yearly instalments of $30 each. On June 13, 1899, in consideration of $185, the sum still to be paid on the land contract exclusive of the mortgage, Wagoner assigned his interest in the land contract to *Latton,* and Wagoner and his wife executed a quitclaim deed of the premises in favor of *Latton.* By mutual agreement of *Latton,* Wagoner, and *McCarty,* Wagoner was released from liability on the note and mortgage and *McCarty* assumed it. It was under the conditions

of the deed from Wagoner and his wife to *Latton* that Wagoner was to be released from liability on the mortgage debt and that *Latton* agreed to deliver a good deed to *McCarty* upon fulfilment of the conditions of the land contract. On March 19, 1902, upon payment by *McCarty* to *Latton* of a certain amount upon the land contract, *Latton* executed a warranty deed in favor of *McCarty*. *Latton* alleges in the complaint in this action that at the time he gave *McCarty* this warranty deed *McCarty* paid him $98.88 on the note and mortgage which he held against the premises; that it was agreed and understood that there was an unpaid balance on the note and mortgage amounting to $200; that the mortgage was not satisfied or discharged; that it was understood that it was unnecessary to make a new mortgage to secure this amount and that the old mortgage could be continued under the parol agreement; and that *McCarty* agreed and promised to pay the balance it secured. The plaintiff brings this action to foreclose this mortgage. The defendant *Catherine McCarty* is the wife of *John McCarty*, *Maggie Perry* is a daughter and a purchaser of part of these premises, and *Sherman Perry* is *Maggie Perry's* husband. The defendant alleges full payment of the purchase money and that the mortgage debt is fully paid and the mortgage discharged.

The court found that all the allegations of the complaint were true and that *Maggie Perry* had notice of the mortgage lien when she purchased from *McCarty*. The facts found are that Wagoner and his wife made and executed and delivered the mortgage to the plaintiff to secure the note for $250; that Wagoner thereafter executed to *John McCarty* a land contract covering these premises, in consideration of $600 to be paid by *McCarty*; that *McCarty* agreed to pay, as part of the purchase money, the $250 note, which was secured by the mortgage and specified in the land contract; that Wagoner thereafter assigned his rights under the land contract to the plaintiff, *Latton*, and that Wagoner and his wife

conveyed the premises to him by quitclaim deed under an agreement of the parties and *John McCarty* that *McCarty* would pay the balance due on the contract and the $250 note to *Latton;* that thereafter, on March 19, 1902, *Latton* made, executed, and delivered to *John McCarty* a warranty deed of the premises, granting all his "estate, right, title, interest, claim or demand whatsoever," either in law or equity, and covenanting that the same were clear and free from all incumbrances; and that it was verbally agreed that there was still due on the mortgage and note of $250 the sum of $200, and that the mortgage securing it should be deemed to continue and remain in force to secure the payment of such $200 and interest.

The court awarded judgment declaring that the mortgage was a subsisting one, and was in force as security for the payment of the $200; decreed foreclosure thereof and a sale of the premises upon the usual conditions; awarded a recovery of $25 as solicitor's fees; and ordered a judgment for a deficiency in case the proceeds on sale were not sufficient to defray the expense of sale and the amount due on the judgment. This is an appeal from the judgment.

For the appellants there was a brief by *Schweppe & Urquhart,* and oral argument by *E. H. Schweppe.*

*M. A. Buckley,* for the respondent.

SIEBECKER, J. The evidence as to many of the facts stated above is undisputed. The findings of the court do not cover many of these undisputed facts. The main controverted and material issues of fact were whether or not the mortgage on the premises, securing payment of the $250 note, was discharged; whether or not a portion of the purchase money remained unpaid; and whether or not the defendant *Maggie Perry* had notice that a part of the purchase money which was due from *McCarty* remained unpaid at the time she purchased a part of the premises. These issues were

embraced in the court's findings. It found that $200 of the purchase money remained unpaid at the time the plaintiff made, executed, and delivered a deed of the premises to the defendant *John McCarty,* that *Maggie Perry* had notice thereof before the conveyance of a part of the property to her on June 18, 1903, and that by parol agreement of plaintiff and *McCarty* the mortgage was to be continued as a security for the payment of this balance of the purchase money. Though the finding states this amount to be due upon the note and mortgage which were given by Wagoner and his wife before plaintiff became the owner of the premises, it also appears that the defendant *John McCarty* had purchased the premises under a land contract, and agreed at the time of the conveyance to him to pay, as part of the consideration for the purchase of the premises, the amount due on the note and mortgage. The court found that at the time plaintiff by warranty deed conveyed title to the premises to *McCarty* (March 19, 1902), it was orally agreed that the mortgage should remain in force and unsatisfied. The court held that such an agreement was effectual to continue this mortgage as a subsisting obligation and awarded judgment of foreclosure and for a sale of the premises. The appellant assails this judgment upon the ground that this parol agreement of the parties to continue the mortgage given plaintiff prior to the delivery of his warranty deed of the premises to *McCarty* on March 19, 1902, is wholly void and ineffectual. The contention is that the warranty deed from plaintiff to *McCarty* operated as a satisfaction and discharge of the mortgage, and that the oral agreement to keep the mortgage alive contradicts the effective parts of the deed, whereby plaintiff conveyed all his right, title, and interest in the premises and warranted that they were free and clear from all incumbrances whatsoever. The deed contains nothing excepting this mortgage from its terms. The court finds, and the evidence supports the conclusion, that the parties attempted to except the mort-

gage from the operation of the deed by the parol agreement. This shows that the parties assumed that the mortgage was not excepted by the terms of the deed. The deed grants, sells, remises, releases, and conveys the premises, together with the hereditaments and appurtenances thereunto belonging, and "all the estate, right, title, interest, claim, or demand whatsoever" of the plaintiff, either in law or equity, in possession or expectancy. Surely these words in their natural import and meaning embrace plaintiff's rights under the mortgage, and hence those rights were thereby conveyed to the grantee, *McCarty*. It is a general rule that such a conveyance by a mortgagee to a mortgagor or the owner of the equity of redemption operates to satisfy and discharge the mortgage. *Mason v. Beach,* 55 Wis. 607, 13 N. W. 884; *Waters v. Waters,* 20 Iowa, 363; *Woodbury v. Aikin,* 13 Ill. 639; *Barr v. Foster,* 25 Colo. 28, 52 Pac. 1101; *Mutual B. & L. Asso. v. Wyeth,* 105 Ala. 639, 17 South. 45.

In *Mason v. Beach, supra,* this court, after discussing the nature of a mortgage claim or interest in the premises mortgaged, declares:

"Whatever interest in the land the mortgagee obtains, less than the fee, under these decisions, and whatever it may properly be denominated, it is certainly an *interest,* and a substantial interest, which may pass by a conveyance. By our statute (sec. 2203, R. S.) 'conveyances of land, *and of any estate or interest* therein, may be made by deed,' etc. It follows, therefore, that, according to the old or the modern theory of mortgages, a quitclaim deed by the mortgagee will operate as a discharge of the mortgage."

We thus have a situation wherein plaintiff's conveyance of the premises by warranty deed operated to satisfy and discharge the mortgage theretofore given him thereon, but which the court, in effect, held was excepted from the deed by the parol agreement of the parties. This was, in effect, a holding that the parties could by parol evidence contradict their written agreements embraced in the deed, whereby the plaint-

iff conveyed all his estate, right, title, interest, claim, or de-
mand, in law or in equity, in these premises to *McCarty*.
It is well established that in the absence of fraud or mistake
the written agreements of parties cannot be so contradicted or
modified by parol.    Upon this consideration it must be held
that the court erred in ruling that this mortgage was a sub-
sisting valid conveyance and in awarding judgment for its
foreclosure and a sale of the premises.

The discharge of this mortgage, securing payment of an
unpaid balance of the purchase money, does not *per se* estab-
lish payment thereof, and it was competent to show that it
remained unpaid.    We consider the evidence on this subject
as ample to sustain the finding that $200 of the purchase
money remained unpaid at the time plaintiff conveyed the
premises by warranty deed to *McCarty* and when the action
went to judgment.    Under these facts plaintiff clearly had a
right to a vendor's lien on the premises for this balance, with
interest thereon.    While the complaint, in form, is one for
foreclosure of the mortgage and a sale of the premises, and
was no doubt intended to embrace no other cause of action,
nevertheless it alleges all the facts necessary to the right to a
vendor's lien and a foreclosure thereof.    It is manifest that
the question of whether or not a part of the purchase money
was still due plaintiff from the vendee, *McCarty*, was as fully
litigated by the parties by the issues tried as it could have
been in an action to enforce a right to a vendor's lien.    All
the other facts pertinent to the right to such a lien by the
plaintiff are well-nigh undisputed and hence the record is
complete for enforcing plaintiff's right to such a lien.    "Re-
lief by way of declaring and enforcing a vendor's lien is of
the same general character as relief upon a bill to foreclose
a mortgage to secure purchase money" (*Mutual B. & L. Asso.
v. Wyeth, supra*), and should therefore be awarded, under
the facts shown, if the complaint and the relief demanded
will permit it.    As indicated, the facts alleged sustain this

right, and the demand for general relief, in addition to the specific relief for a foreclosure and sale, are sufficient in equity to embrace the right to relief by an enforcement of the purchase-money lien.

But plaintiff is not confined to the general equitable jurisdiction for authority to obtain such relief. Sec. 2886, Stats. (1898), contemplates that, where issue has been joined and the action tried, "the court may grant . . . any relief consistent with the case made by the complaint and embraced within the issue." This statute has been applied, after issue joined, in many cases in this court, and under a liberal construction judgment has been rendered on the merits, in the furtherance of justice. Under such circumstances the court has deemed the pleading amended so as to conform to the facts proven, and has granted relief thereon, if consistent with the case made by the complaint and embraced in the issues. This accords with other Code provisions prescribing that the court shall at every stage of the action disregard any error or defect in the pleading or proceeding which does not affect an adverse party's substantial rights, and that this court shall not reverse a judgment for such errors. We cite the following cases as analogous to the instant case, wherein this policy of the statutes has been liberally applied and fully vindicated: *Leonard v. Rogan,* 20 Wis. 540; *Hopkins v. Gilman,* 22 Wis. 476; *Strœbe v. Fehl,* 22 Wis. 337; *Kimball v. Darling,* 32 Wis. 675; *Brook v. Chappell,* 34 Wis. 405; *Sage v. McLaughlin,* 34 Wis. 550; *Lemke v. Daegling,* 52 Wis. 498, 9 N. W. 399.

We are of opinion that the court should have awarded judgment declaring $200 of unpaid purchase money, with interest thereon, was owing by the defendant *McCarty* to the plaintiff; that plaintiff had a right to a vendor's lien on the premises for the amount due, with costs of the action; and also should have ordered a sale of the premises upon terms and conditions conformable to equity, if *McCarty* should fail

to pay the judgment as required.    The judgment entered accomplished this result on terms more favorable to *McCarty* than a court of equity usually imposes under the circumstances shown.    In the light of this state of the case, we hold that the complaint must be considered amended to conform to the proof; that the judgment should be modified by striking therefrom the parts awarding plaintiff recovery of $25 as solicitor's fees and ordering that a judgment for a deficiency after sale may be rendered against *John McCarty;* and that the judgment should be, and it hereby is, affirmed in all other respects.

*By the Court.*—The judgment is ordered modified by striking therefrom the parts specified in the opinion.    As so modified it stands affirmed; appellant to recover costs on this appeal.