KLEIH and wife, Respondents, vs. VAN SCHOYCK, Appellant.

*April 8—May 13, 1947.*

414

416

*Daniel H. Grady* of Portage, for the appellant.

For the respondents there were briefs by *Bogue & Sanderson* of Portage, and oral argument by *T. J. Sanderson*.

FOWLER, J.   As appears from the foregoing statement of facts, the action is in equity for injunctional relief.   The judgment enjoins the defendant from traveling along or across the right of way and from trespassing on the strip of land on which it is located; from inviting the public to travel across or upon or trespass upon said strip of land; from permitting cattle belonging to or cared for by the defendant to enter upon said strip of land; and ordered the defendant to rebuild a fence along the west line of plaintiffs' right of way.

The original complaint states that W. C. Kimball conveyed to the plaintiffs a described tract of land and by paragraph 5 that in connection therewith he conveyed to the plaintiffs "a right of way two (2) rods wide adjacent to, and east of the

west line of . . . [the county line between Marquette and Adams County] from the northwest corner of . . . [said tract conveyed to plaintiffs] to Lake Mason." Paragraph 6 of the complaint states that "thereafter the defendant herein purchased the fee to certain rights of way, including the right of way of the plaintiffs." At the commencement of the trial the plaintiffs without previous notice to defendant moved, before any witness was called, to amend the complaint by adding to paragraph 5, at the close thereof, "including and conveying the fee thereto" and to amend paragraph 6 to read "That thereafter the defendant herein attempted to purchase the fee to certain rights of way, including the right of way of the plaintiffs herein." The court granted the motion over the objection of the defendant's counsel and the case thereupon went to trial to the court over objection of defendant's counsel that no evidence was admissible under the complaint. Much ado is made over these incidents but in view of the terms of the conveyances involved under paragraphs 5 and 6 the incident is entirely immaterial, especially as the statements about the fee in paragraphs 5 and 6 are conclusions of law rather than fact. We construe the deed conveying to the plaintiffs their tract of land and the right of way to Lake Mason as showing on its face that it conveyed to the plaintiffs in fee simple the tract of land particularly described and a right of way two rods wide from the northwest corner thereof to Lake Mason. A right of way is an easement only. A conveyance of a right of way two rods wide is a conveyance of a right of way over a strip of land two rods wide, not a conveyance of the strip of land itself. Title to the land does not pass but only the right to pass over it. *Polebitzke v. John Week L. Co.* 157 Wis. 377, 147 N. W. 703. A " 'right of way,' in its strict meaning, is 'the right of passage over another man's ground.' " *Williams v. Western Union R. Co.* 50 Wis. 71, 76, 5 N. W. 482. It is an easement and the grantee acquires only the right to a reasonable and usual enjoyment thereof, and the owner of the soil has all the rights and

benefits of ownership consistent with the easement. *Dyer v. Walker,* 99 Wis. 404, 75 N. W. 79; *Gimble v. Wehr,* 165 Wis. 1, 160 N. W. 1. The owner of the right of way has no right to inclose it with fences. His right of occupancy is not exclusive of the owner of the soil. The owner of the soil may make any use of it which is consistent with the enjoyment of the easement. *Sizer v. Quinlan,* 82 Wis. 390, 52 N. W. 590; *F. W. Woolworth Co. v. Vogelsang,* 176 Wis. 366, 187 N. W. 179. The owner of the soil has the right to make any incidental changes in the real estate over which the easement extends which is consistent with the enjoyment of the easement. *Wallis v. First Nat. Bank,* 155 Wis. 306, 143 N. W. 670.

The decision of the instant case might well enough be left to rest on the general principle that parol evidence is not admissible to vary or explain the terms of a deed, and the acts of the parties are not admissible to show a practical construction where the language of the deed is neither ambiguous nor indefinite. *Kruse v. Koelzer,* 124 Wis. 536, 102 N. W. 1072; *Latton v. McCarty,* 142 Wis. 190, 125 N. W. 430; *Polebitzke v. John Week L. Co., supra; Hemmis v. Consolidated W. P. & P. Co.* 173 Wis. 518, 181 N. W. 743. The circumstances under which evidence is admissible to explain the meaning of a writing are discussed at length in *Firestone Tire & Rubber Co. v. Werner,* 204 Wis. 306, 236 N. W. 118, and *Wheelwright v. Pure Milk Asso.* 208 Wis. 40, 240 N. W. 769, 242 N. W. 486. No such circumstances here exist.

That no evidence but the deed itself is admissible to show its meaning is held in *Williams v. Western Union R. Co., supra.* That case was ejectment. The fee of a strip of land one rod wide adjacent to a railroad right of way that had been procured by condemnation proceedings was in issue. The claims of the respective parties were that under deeds that had been introduced in evidence the fee had been conveyed. The court says in its opinion, p. 74:

"There was much other evidence [besides the.deeds] given, on behalf of both parties, in respect to the former use, possession and fencing of this rod strip."

In this situation the opinion says, p. 75:

"We think this evidence was clearly incompetent as affecting the construction . . . of any of the parcels of land conveyed. . . . And certainly any such evidence could not affect the construction of deeds or the title conveyed by them."

The opinion states later, p. 75:

"This evidence was not only incompetent, but it was well calculated to confuse the case . . . which involved the construction of the deeds, which was the exclusive province of the court."

The opinion further states, p. 76:

" 'Right of way,' in its strict meaning, is 'the right of passage over another man's ground;' and in its legal and generally accepted meaning, in reference to a *railway,* it is a mere easement in the lands of others, obtained by lawful condemnation to public use or by purchase. Mills on Em. Dom. sec. 110. It would.be using the term in an unusual sense, by applying it to an absolute purchase of the fee simple of lands to be used for a railway or any other kind of way."

The quotation next above applies with equal force to a deed of a private right of way as to a railroad right of way.

Counsel for plaintiffs lay great stress upon the case of *New Mexico v. United States Trust Co.* 172 U. S. 171, 178, 19 Sup. Ct. 128, 43 L. Ed. 407, relied on by the respondents in support of their claim that the conveyance of the instant right of way to them conveyed the fee to the strip of land over which their right of way lay. That case loses what force it might otherwise be entitled to by the fact that the statute granting the right of way there involved included "all the necessary grounds for station buildings, workshops, depots, machine shops, switches, side-tracks, turntables, and water stations, and the right of way

shall be exempt from taxation within the territories of the United States." The point involved was taxation of the right of way and the structures of the railroad company thereon. The court held the structures and the land over which the right of way lay on which the structures were located to be exempt, because under the language of the act the structures and "the grounds" on which they stood were exempt by the statute. Under the law of this state a railroad does not own the land over which the road passes, but only a right of way over it. *Williams Case, supra.* Anyhow, no federal question being involved, we are under no obligation to follow it unless we approve its reasoning and but for the language in the statute above quoted granting the ground underlying structures on the right of way we could not approve it. We rest the instant case upon our own decisions cited and the reasons underlying them.

It follows that the trial judge was in error in receiving parol evidence to explain or vary the terms of the plaintiffs' deed. He also was in error in regarding the fence as belonging to the plaintiffs and defendant's acts relating to it as unlawful. That fence undisputably was in existence when the plaintiffs bought this tract of land. It belonged to Kimball. The ownership of the land did not pass to the plaintiffs under their deed of the right of way, nor did the ownership of the fence pass. Title to both remained in Kimball, and passed to the defendant by the deed of the trustees under Kimball's will. The trial judge treated this deed as from Kimball's heirs, but so considering it makes no difference. Under the authorities above cited Kimball and the grantees of his devisees or heirs had the right to go upon and across the right of way provided they did not interfere with plaintiffs' right of passage over it. Also Kimball and the defendant as his successor in title to the strip of land had the right to remove the fence in the first place, the plaintiffs had no right to rebuild the portion of the fence removed by them and when they did rebuild it the defendant had

the right to remove the rebuilt portion. There is no evidence that defendant ever "invited the public" to use plaintiffs' right of way to the lake. There is no evidence in the case tending to justify enjoining the defendant from permitting cattle to go upon plaintiffs' right of way; in fact her cattle might go upon it if their so going did not interfere with plaintiffs' right of passage over it.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with directions to dismiss the complaint.