69 140
119 348
119 349
119 355

69 140
121 81
121 326
122 209

69 140
f124 197
124 198
124 511

69 140
130 321
131 576

69 140
e142 701

# Chambers *v.* Ringstaff.

### *Statutory Action in Nature of Ejectment.*

1. *Patent ambiguity; what is.*—When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, or things, this is a patent ambiguity, or ambiguity apparent. In such case, the rule is clear, from which this court will not depart, that parol proof of what was intended by the contracting parties, will not be received.

2. *Latent ambiguity; what is, and how explained.*—A latent ambiguity exists, when, on the face of the paper, no doubt or uncertainty exists; but by proof *aliunde*, the language is shown to be alike applicable to two or more persons or things. When this is the case, the uncertainty or ambiguity may be explained or cleared up by the same character of proof as that, by which it is made to appear.

3. *Ambiguity belonging to an intermediate class.*—There is also an ambiguity recognized in cases involving principles, which are scarcely referable to either latent or patent ambiguities. It arises when, on mere inspection, there does not appear to be any uncertainty or ambiguity, and frequently grows out of a careless use of language, and it sometimes results from the many shades of meaning that usage and provincial habit accord to the same word or expression. Out of this has grown a seeming modification of the old rule as to patent ambiguity, which has been characterized as an intermediate class of cases, partaking of the nature of both latent and patent ambiguities. In such case, parol evidence may be admitted to show the circumstances under which the contract was made, and the subject-matter to which the parties referred.

4. *Land numbers; when judicially known.*—This court judicially know, that there is but one range 18 in this State, and that lies east of the basis meridian of St. Stephens; and that there is but one township 12 that bisects range 18, and that is north of the base of that survey.

5. *Description in conveyance; when it can be aided by oral testimony.* A description of lands in a conveyance, by sections, township and range, without mention of the State, county, land district, or government survey, in which the lands lie, may be aided by oral testimony showing, that when the conveyance was made, the grantor owned and resided on lands in a given county, in this State, which were known by the same numbers, as those employed in the conveyance. Aided by such proof, and in absence of proof, that the grantor owned or claimed other lands falling within the same description, it becomes the duty of the court to pronounce the conveyance valid.

6. *Interpretation of a conveyance, aided by oral testimony.*—In such case, the interpretation of the conveyance and judgment upon its validity *vel non*, are questions for the court, while the finding of attendant facts and circumstances are functions of the jury.

7. *Mortgage of wife's statutory separate estate; when husband by joining in, conveys his life-estate on death of wife intestate.*—Where husband and wife executed a mortgage on lands belonging to her statutory separate estate, in the conveying clause of which the words "bargain and sell" are used, and the wife afterwards died intestate, leaving the mortgage unsatisfied, the life-estate which the husband took under the statute (Code of 1876, § 2714), in said lands, vested *eo instanti* in the mortgagee,

[Chambers v. Ringstaff.]

to the extent of his mortgage, by virtue of the statutory covenants therein, implied from the use of the words "bargain and sell."

8. *Intention of parties to mortgage; can not be testified to.*—It is not permissible for a party to a suit, who was also a party to a mortgage, to testify, as a witness, to the *intention* of the parties to such mortgage as to what lands were to have been thereby conveyed.

9. *General exception to evidence, part of which is legal.*—A general objection and exception to testimony, a part of which is legal and admissible, may be overruled, although another part thereof may be illegal and inadmissible.

APPEAL from Montgomery Chancery Court.

Tried before Hon. JOHN P. HUBBARD.

This suit was brought by W. W. Ringstaff against John W. Hicks, for the recovery of a tract of land described in the complaint by its survey numbers, and as being in the county of Montgomery, and State of Alabama. Before the trial, W. K. Chambers and Robert L. Knight, on their own motion, were made parties defendant, as landlords. On the trial, "it was admitted by both parties, that the land sued for and mentioned in the complaint was, prior to the year, 1873, a part of the statutory separate estate of Mrs. E. D. Knight, who was, at the time, a married woman, the wife of one Robert L. Knight, one of the defendants to this suit, and that said Mrs. E. D. Knight continued to be the wife of said Robert L. Knight up to the time of her death, intestate, which occurred after the first of January, 1874." The plaintiff then offered in evidence a mortgage executed by the said Robert L. Knight and E. D. Knight to the plaintiff, dated February 21, 1873, to which the defendants objected on the grounds (1), that it was void for uncertainty and (2), that it did not describe the lands sued for. Thereupon, the plaintiff was examined as a witness on his own behalf, who testified, against the defendants' objection, that at the time of the execution of the mortgage, the said Robert L. Knight and his wife, E. D. Knight, were living on the land mentioned in the complaint, which was the property of the said E. D. Knight at that time, and that said land was the land intended to be conveyed by said mortgage. The defendants moved to exclude the testimony of said witness from the jury, but the court overruled the motion, and they excepted. The court then allowed the plaintiff to read said mortgage in evidence, and the defendants excepted. In the conveying clause of the mortgage, the words "bargain and sell" are used. A fuller description of the mortgage is given in the opinion. The defendant offered to prove, that after the law day of the mortgage and before the commencement of this suit, the debt secured by said mortgage had been paid and discharged; but, on plaintiff's objection, the court refused to allow them to make such proof, and they excepted. This being all the evidence, the court, upon

the request in writing of the plaintiff, charged the jury, that, if they believed the evidence, they should find for the plaintiff, to which charge the defendants excepted.    There was a verdict and judgment for the plaintiff, and the defendants bring the cause to this court by appeal, assigning as error, the several rulings to which exceptions were reserved.

GUNTER & BLAKEY, and WATTS & SONS, for appellants.—1. When the mortgage was executed, the lands mortgaged constituted a part of the statutory estate of Mrs. Knight.    Such a mortgage is absolutely void, and can not convey any title out of the wife.—*Garrett v. Lehman, Durr & Co.*, 61 Ala. 391; *Conner v. Williams*, 57 Ala. 134; *Gilbert v. Dupree*, 63 Ala. 331.

2. But the mortgage on its face was *void as a conveyance of lands*.    It does not show in what county or state the lands are located.    It merely gives parts of sections, township and range, without any other description, which would authorize parol testimony to show the intention of the makers of the mortgage. There are at least two, if not more, United States surveys, having sections, township and range precisely like those set forth in this mortgage.    Such a description is void.—*Long v. Pace*, 42 Ala. 495; *Tarver v. Com. Court*, 25 Ala. 480; *Holmes v. Evans*, 48 Miss. 247; *Bowers v. Andrews*, 52 Miss. 596; *Cogburn v. Hunt*, 54 Miss. 675; *Brown v. Guice*, 46 Miss. 299; *Fuller v. Fellows*, 30 Ark. 657; *Cochran v. Utt*, 42 Ind. 267; *Murphy v. Hendricks*, 57 Ind. 593; *Boyd v. Ellis*, 11 Iowa, 97; *Hughes v. Wilkinson*, 35 Ala. 453.    The court is bound to take judicial knowledge of the U. S. surveys in this State, and that there are at least two such surveys, in which the same numbers of sections, township and range appear.—*Tarver v. Com. Court, supra; Murphy v. Hendricks, supra.*    There is, therefore, a patent ambiguity in the mortgage, which can not be aided by parol evidence.

R. M. WILLIAMSON, *contra*.—1. Parol evidence was clearly admissible in aid of the description of the lands in the mortgage.—*Doe v. Hardy*, 52 Ala. 291; *Hawkins v. Hudson*, 45 Ala. 482.

2. The mortgage, though void as a conveyance by Mrs. Knight, is valid as to the husband.    On the death of his wife, intestate, Knight took a life-estate in the land, under the statute.    There is an implied warranty from the words "bargain and sell" used in the mortgage, and this warranty is an estoppel by deed, and is good at law.    His deed is good so far as his interests are concerned, and he will not be permitted to avoid such deed by setting up an after acquired estate.—Bigelow on

[Chambers v. Ringstaff.]

Estoppel, 340; 25 Ill. 383; 5 Stew. & Por. 426; 4 Porter, 141; 21 Ala. 91; *Chapman v. Abraham*, 61 Ala. 108.

STONE, J.—There can be no question that the plaintiff below showed a right of recovery in this case, if the description of the land in the mortgage is not too uncertain to maintain the action.—*Chapman v. Abraham*, 61 Ala. 108; *Slaughter v. Swift*, 67 Ala. 494.

It is contended for appellant that the mortgage made by Knight and wife to Ringstaff is void for uncertainty. That mortgage is the title under which Ringstaff claimed. The argument is, that because the land is only described by its survey-numbers of section, township and range, without reference to the State or county, or basis meridian, it is void for uncertainty. The formula of the argument is, that courts take judicial notice of the Government surveys of the United States, and therfore we judicially know that the description employed in the mortgage under discussion, designates with equal clearness many tracts of land found in the many Goverment surveys. This, it is contended, raises the question of patent ambiguity, which the authorities say can neither be explained nor made certain by parol proof. The argument states the rule correctly, and the question arises, does this case fall within the rule?

In *Comm'rs Court of Russell v. Tarver*, 25 Ala. 480, and in *Long v. Pace*, 42 Ala. 495, the question arose on pleadings. In each case the description was by section, township and range, without any averred fact in aid of the description. There is but one tract of land in the State of Alabama which corresponds to the description given in either of the cases above mentioned, as we understand those cases. In the last case, the range given is evidently 28, although stated at one place as range 8. In each case this court ruled that the description was too indefinite, and that the pleading was fatally defective for uncertainty. In the last case, which was a chancery suit, there was a remandment of the cause, which would not have been ordered, unless the defect was considered amendable. To the same effect are the following cases: *Cochran v. Utt*, 42 Ind. 267; and *Murphy v. Hendricks*, 57 Ind. 593. *Boyd v. Ellis*, 11 Iowa, 97, and *Holmes v. Evans*, 48 Miss 247, are somewhat different.

The distinction between latent and patent ambiguity has long existed, and the general rule applicable to each class of cases should not be disturbed. When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, things etc., this is patent ambiguity, or ambiguity apparent. In such case, the rule is clear, and we do not wish to depart from it, that parol proof of what was intended by the contract-

[Chambers v. Ringstaff.]

ing parties will not be received. Latent ambiguity exists, when, on the face of the paper, no doubt or uncertainty exists, but by proof *aliunde*, the language is shown to be alike applicable to two or more persons, things etc. When this is the case, the uncertainty or ambiguity may be explained or cleared up, by the same character of proof as that by which it is made to appear. These are familiar elementary principles. But there are cases involving principles, which are scarcely referable to either of these heads. They may be styled exceptional shadings of patent ambiguity. They arise, when on mere inspection, there does appear to be an uncerainty or ambiguity. This frequently grows out of a careless use of language, and sometimes results from the many shades of meaning usage and provincial habit accord to the same word or expression. Out of this has grown a seeming modification of the old rule as to patent ambiguity, which Mr. Justice STORY has characterized as an intermediate class of cases, partaking of the nature both of latent and patent ambiguity. That learned jurist, in *Peisch v. Dickson*, 1 Mas. 9, says: "In such a case I should think parol evidence might be admitted, to show the circumstances under which the contract was made, and the subject-matter to which the parties referred." He illustrates his views as follows: "The word 'freight,' has several meanings in common parlance; and if by a written contract a party were to assign his freight in a particular ship, it seems to me that parol evidence might be admitted of the circumstances under which the contract was made, to ascertain whether it referred to goods on board of the ship, or an interest in the earnings of the ship." He does not state in what manner or form the proof should be made, to explain this apparent uncertainty. In the case of *Smith v. Doe, ex dem.* Lord Jersey, 2 Brod. & Bing. 473, 550—a case before the House of Lords—BAYLEY, J. employed the following language: "But I apprehend that in judging of the true intent and meaning of the indenture of July, 1757, we are at liberty to look at the state of the property at the time that indenture was made, and see to what restrictions it was then subject, and what rights the settlor there had. The settlor has used the indefinite words, 'a power of re-entry.' By showing, as I do, that there are many such powers, I show that there is an ambiguity in those words, either latent or patent, [it was clearly patent, for it was a matter of law, judicially known to the court, that there were several kinds of powers of re-entry] and may I not refer to the existing state of the property at the time these words were used, to see what was the intention of the settlor, and in what sense she used those words? . . . . I am not offering declarations of what the party said she meant; I am not construing a legal instrument by the acts of the parties, or by their understanding upon it; but, by

[Chambers v. Ringstaff.]

showing the circumstances and situation of the party, and the estates and interest she had at the time, I am enabling the House to judge what, in legal construction, was her meaning. . . . . If a man makes any deed or will, have I not a right to know what estate he had at the time he made such deed or will; and does not the construction vary, in some cases, according to the estate? If I grant a man an estate for life, without saying whether for his life or mine, is not evidence admissible to show what interest I had in the premises? For, if I was tenant in fee, he will take an estate for his own life; if I was tenant in tail, or for life only, he will take for mine. If a man bequeath me 10,000£ 3 per cent. consols, it will be a specific legacy if he have that stock at the time; not specific, if he have it not. Evidence is, therefore, admissible in such case to show what was the state of his property at the time he made his will, and the construction upon the will is one way or the other, according to the result." See also, 2 Phil. Ev., Ed. 1859, p. 747, note, 515. In note l to 2 Bigelow's Jar. on Wills, page 424, is this language: "Observe that in all the above cases, the parol evidence is not adduced to show that the testator actually intended the devise to have the operation which is given to it, but merely to supply facts from which the court infers such to be the intention."

The present statutory real action was instituted by Ringstaff, and he avers that the lands sued for are situate in Montgomery county, State of Alabama. The title on which plaintiff relied for recovery is a mortgage executed to him by Knight and wife in 1873. It was admitted in the court below that the lands sued for were, when the mortgage was made, the statutory separate estate of Mrs. Knight, and that, before this suit was brought, she died intestate, leaving her husband surviving her. Under the statute, Code of 1876, § 2714, Mr. Knight took an estate in the realty of which his wife died seized, and intestate, for the term of his life, and that interest vested *eo instanti* in Ringstaff to the extent of his mortgage, by virtue of the statutory implied covenants contained therein, unless the mortgage is void for uncertainty in the description of the land.—*Chapman v. Abraham*, 61 Ala. 108. The description of the lands in the mortgage, as we have said, is only by section, township and range. It calls for parts of sections 7 and 17, in township 12, range 18. Nothing is said of the State, county, land district, or Government survey in which the lands lie. Now, we judicially know that there is but one tract of land in Alabama which corresponds with this description. There is but one range 18 in the State, and that lies east of the basis meridian of St. Stephens. There is but one township 12 that bisects range 18, and

10

[Chambers v. Ringstaff.]

that is north of the base of that survey. In aid of the description in the mortgage, there was oral testimony given to the jury, that when the mortgage was made, Mrs. Knight owned, and she and her husband resided on lands, situate in Montgomery county, Alabama, known by the same numbers as those employed in the mortgage. There is no proof that either of them owned any other lands, either in Alabama or elsewhere. It was admitted that the lands sued for had been the property of Mrs. Knight. Now, if it be conceded that the unaided description of the lands given in the mortgage is too uncertain, because it equally describes other lands in other Government surveys outside of the State, how stands the question, when it is shown that Mrs. Knight owned and occupied the lands thus numbered, which are in Alabama, and there is an absence of proof that either she or her husband owned or claimed any other lands, either in this State or elsewhere? It would be very unreasonable to presume they intended to convey lands they had no claim to. We rather presume they intended to convey lands they owned. Doubtful terms of a contract are construed most strongly against the grantor or promissor, *ut res magis valeat quam pereat.* We hold, then, that when it was admitted, or found by the jury, that Mrs. Knight owned the lands sued for when the mortgage was made, in the absence of other proof that she or her husband owned or claimed other lands falling within the description, it then became the duty of the court to pronounce the mortgage a valid conveyance. We wish not to be misunderstood. The interpretation of the mortgage, and judgment upon its validity *vel non,* were questions for the court, while the finding of attendant facts and circumstances were functions of the jury. Applying this principle to this case, if Mrs. Knight's ownership of the land in controversy, her possession, etc., were only shown by the ordinary methods of proof, without documentary evidence of title in her, then the charge should be, if the jury find the fact of ownership etc., then the mortgage is not void for uncertainty. We make this statement, to prevent the blending and confusion of the powers of the jury with those of the court.

It was not permissible for Ringstaff, as a witness, to testify to the *intention* of the parties to the mortgage. That pertained to the office of interpretation—the duty of the court—aided by ascertained, attendant facts, as we have shown above. But the witness gave this testimony in connection with other testimony clearly legal, and the objection and exception were to it as a whole. The court did not err in overruling the objection.—1 Brick. Dig. 886, § 1186.

[State of Alabama v. Lott.]

The charge of the court was in accordance with the views above expressed.

Affirmed.