# Moody v. Alabama Great Southern R. R. Co.

124  195
130  321

*Statutory Real Action.*

1. *Real action; when parol proof proper to remove ambiguity in deed.*—Where certain land is conveyed by metes and bounds, and the conveyance excepts certain portions of it from its operation and among other portions "excepts also the depot grounds north of the railroad," and adds, "but this deed embraces the Eating House at the depot," such a doubt is presented as to whether the house alone, which is on the land excepted, is carried by the deed or the land also on which it is situated, as to present a case within that intermediate class between patent and latent ambiguities, which may be aided by parol evidence showing the state of the property at the time the conveyance was made, the relation of the parties to it and the circumstances under which the conveyance was made.

2. *Same; province of court and of jury.*—If in a real action a certain fact is to be ascertained in order to a proper construction of a deed of conveyance, the existence *vel non* of the fact is for the determination of the jury, and it is the province of the court to construe the uncertain terms of the conveyance with reference to that fact.

3. *General charge; when proper in real action.*—If to construe uncertain terms of a conveyance a certain fact is to be ascertained, and the evidence goes without conflict to establish that fact, the court may properly charge the jury that if they believe all the evidence they should find for the defendant—the jury's right to pass on its credibility being saved to them by the hypothetical form of the charge.

4. *Deed to house carries the land it is on.*—The doctrine is fully recognized that ordinarily the conveyance of a house will carry the land upon which it is situated, and may be also the curtiledge, but this doctrine does not obtain where from the muniment and the circumstances under which it was executed—the state of the property and the relation of the parties to it—a different intent is deducible.

[Moody v. Alabama Great Southern Railroad Co.]

APPEAL from the Tuscaloosa Law and Equity Court. Tried before Hon. J. M. FOSTER, Special Judge. The opinion fully states the case.

A. S. VAN DE GRAAFF, for appellant.—The grant of a house passes the land on which it stands.—3 Washburn Real Property, p. 389; *Esty v. Currier*, 98 Mass. 501; *Allen v. Scott*, 21 Pick. 25; *Webster v. Potter*, 105 Mass. 414; *Woodman v. Smith*, 53 Mo. 81; *McMillan v. Solomon*, 42 Ala. 358. (2). Witness cannot testify to intention of the parties to a conveyance as to what lands were thereby conveyed.—*Chambers v. Ringstaff*, 69 Ala. 140. (3). Words having distinct legal meaning cannot be controlled by parol evidence that the grantor's title was subject to an equitable claim of another.—*P. R. R. Co. v. Seeley*, 45 Mo. 212; *Marsh v. R. R. Co.*, 64 Ill. 414; *Holiday v. Patterson*, 5 Ore. 177.

SMITH & WEATHERLY, *contra*.—If there is ambiguity in written instrument then parol evidence admissible to make plain obscurity arising from inapt expressions. *Drake v. Goree*, 22 Ala. 409; *Cowles v. Garrett*, 30 Ala. 341. (2). House may remain personal property by agreement with land owner.—1 Wash. Real Prop., p. 4.

McCLELLAN, C. J.—This is a statutory real action prosecuted by Moody against the railroad company and another. The land sought to be recovered is described in the complaint as "that certain parcel of land of triangular shape situated in Tuscaloosa county, Alabama, at the intersection of the road generally known as the Hargrove Road with the road generally known as the Greensboro Road, and bounded on the westerly side by the said Greensboro Road, on its east, or northeast side by the said Hargrove Road, and on the third, or south, side by the right-of-way of the Alabama Great Southern Railroad Company." On the trial the plaintiff stated to the court and jury that he did not claim all the land sued for in the complaint, "but only so much thereof as was formerly occupied by an eating house which formerly stood thereon, and the curtilage thereof;" and he offered evidence tending to fix the location of the eating

house as it formerly stood and to demark its curtilage. The whole of this triangular parcel belonged at one time to John S. Kennedy and constituted a part of a tract known as "the depot and brickyard tract" of about thirteen acres and was on that part of said tract described as "the depot grounds north of the railroad," which appears from conveyances executed by Kennedy which are links, or rather together constitute one link, in the title under which the plaintiff claims. These conveyances each contains the following description of that part of "the depot and brick yard tract" intended to be conveyed: "The tract known as the Depot & Brick-yard tract, bounded on the north by the Hargrove Road, east by lands of Joe Brown, south by lands of P. T. Brady, and west by the Greensboro Road, except the inclosed lot on which Kennedy, Warren & Co. have 3 tenement buildings; except also the Depot grounds north of the railroad, and except also the undivided one-half of the Brick warehouse, which belongs to Mrs. Jodie M. Kennedy, but this deed embraces the Eating House at the depot and also the undivided one-half of said Brick warehouse." Here is an exception from the operation of the conveyance of the depot grounds north of the railroad coupled with a declaration that the conveyance embraces "the Eating House" which is upon those grounds: The depot grounds are excepted from, but the eating house is included in the conveyance, in each instance. These descriptions in and of themselves and without extrinsic aid come very near to a severance of the eating house from the land on which it stood, and to its express conveyance as a house dissociated from the land. But conceding that the conveyances cannot be taken as expressly excluding the land and carrying the house alone, their terms import such doubt on the point as to present a case within that intermediate class between patent and latent ambiguities recognized and defined by this court in *Chambers v. Ringstaff*—69 Ala. 140—which may be aided by parol evidence showing the state of the property at the time the conveyances were made, the relations of the parties to it and the circumstances under which they were made. And it is upon this principle that we hold the trial court to have

been free from error in admitting evidence to the effect that when the conveyances were made the grantor, Kennedy, owned the eating house but had no interest in the land upon which it stood, it having been erected by him on land of the railroad company under a license from the latter securing to him the right to use the house as a railroad eating house for the time being and the further right to ultimately remove it therefrom.—*Chambers v. Ringstaff, supra,* and authorities there cited; *Cowles v. Garrett's Admr.,* 30 Ala. 341; *Hume v. Bernstein,* 72 Ala. 546; *Webb v. Elyton Land Co.,* 105 Ala. 471, and cases there cited.

It was admitted that the eating house had been destroyed by fire before this suit was instituted. If the fact was that plaintiff's grantor had no interest in the land, but property in the house only at the time of the conveyances by him, it was the court's province to construe the uncertain terms of the conveyances with reference to that fact, and to declare that no interest in the land passed by them, and that plaintiff had failed to show any title and therefore could not recover. But the existence *vel non* of the fact that Kennedy had no interest in the land at the time in question was for the determination of the jury. The evidence went without conflict to establish that fact, and the jury's right to pass upon its credibility was saved to them by the hypothetical form of the charge which was given to them, i. e. if they believed the evidence they should find for the defendant. Hence our conclusion that the court properly gave that charge; and this disposes of the present appeal adversely to the appellant wholly regardless of all other questions in the case: If there was error in any of the other rulings complained of, it was error without injury since those rulings had no bearing upon the construction of Kennedy's conveyances in the light of the circumstances under which they were made and could not have had any influence in determining whether those conveyances passed any title to the land on which the eating house was built.

Of course we fully recognize, and nothing that we have said impinges upon, the doctrine that ordinarily the conveyance of a house will carry the land upon

[Moore *et al.* v. Walker.]

which it is situated, and may be also the curtilage; but this doctrine does not obtain where from the muniment and the circumstances under which it was executed the state of the property and the relations of the parties to it—a different intent is deducible.

Affirmed.