# Caston *et al. v.* McCord.

### *Bill in Equity to foreclose Mortgage*

1. *Conveyance of land; sufficiency of description*—Mere indefiniteness in description of land conveyed in a deed or mortgage, though it be such as to render the instrument *prima facie* inoperative, does not necessarily invalidate it; and if by evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the conveyance, certainty can be given to the description, the instrument will not be declared void.

2. *Same; same; same; case at bar.*—A bill was filed to foreclose a mortgage upon real estate. In the bill the property alleged to have been conveyed in the mortgage was described as "That certain lot of land lying in the town of Albertsville, bounded on the north by the property of Mrs. H. E. McCord," etc. There then follows a description of the boundary of said lot on the west, south and east. The description is completed by designating the lot as "lying in section 15, township 9, range 4 east, in Marshall county, containing one and a third (1 1-3) acres." Following this description, there is an averment that the land described in the mortgage is the same land as that described in the bill above. In the mortgage, which was attached as an exhibit to the bill, the property conveyed therein was described as follows: "One lot containing one and a third (1 1-3) acres of land lying south of W. T. McCord's lot in Albertsville, Ala., in Sec. 15, T. 9, R. 4 east." *Held*: That there is no variance or repugnancy between the description set out in the bill and that contained in the mortgage, and that said bill is not subject to demurrer upon the ground that it appears that the description in the original mortgage was void because of uncertainty. (McClellan, C. J., and Dowdell, J., *dissenting*, hold that the bill shows a wholly indefinite description in the mortgage, and fails to allege any fact by which the description could be rendered definite.)

APPEAL from the Chancery Court of Marshall, Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, Mary E. McCord, against the appellants. It was averred in the bill that the complainant was the owner of a mortgage, which was executed by the defendant, J. R. Caston, in which he conveyed, in addition to personal property, the following described real estate: "That certain lot of land lying in the town of Albertsville bounded on the north by the property of Mrs. H. E. McCord, on the west by the Polecat road, on the south by the lot of A. J. Rains, and on the east by Hamrick street, lying in section 15, township 9, range 4 east, in Marshall county, and containing one and a third (1 1-3) acres." A copy of this mortgage is attached to the bill marked exhibit A, and it was averred in the bill that the land described in said mortgage is the same land as was described in the bill. It was then averred that subsequent to the execution of said mortgage, and after the same had been duly recorded in the probate office of Marshall county, the said J. R. Caston sold and conveyed a part of said property to the defendants, Coleman and Upton, on December 13, 1893, and that subsequent to the execution and recording of said mortgage, the said Caston executed and delivered to the defendant Emmett a deed to a portion of the said land; that the defendants W. T. and Hattie E. McCord, were in possession of the property, claiming it as their own at the time of the filing of the bill. The complaint further averred that there was a balance due upon said debt for which the mortgage was given to secure, and that this balance had been reduced to judgment against said Caston.

The prayer of the bill was that the mortgage might be foreclosed, and said lands ordered sold for the payment of the indebtedness. There was also a prayer for general relief.

In the mortgage which was attached as exhibit A, the property therein conveyed was described as follows: "One lot containing one and a third (1 1-3) acres of land, lying south of W. T. McCord's lot in Albertsville, Ala., in Sec. 15, T. 9, R. 4 East."

The defendants demurred to the bill upon the fol-

[Caston *et al.* v. McCord.]

lowing grounds: 1. The description of the land as contained in the bill is a variance and a departure from the description of the land set out in the mortgage attached thereto as an exhibit. 2. The description of the land in said bill, when properly considered together with the description in the mortgage, shows that said description in said mortgage is void because of uncertainty. 3. The description of the land as contained in the mortgage shows that the record of said mortgage was not a notice to any person of an incumbrance on the land mentioned and described in the bill. 4. That by reason of such uncertainty in the description, the purchasers from Caston acquired the said land without notice of the equity of the complainant.

On the submission of the cause upon the demurrers, the chancellor rendered a decree overruling them. From this dcree the defendant appeals, and assigns the rendition thereof as error.

J. A. LUSK, for appellant.—The description of the property in the mortgage was void for uncertainty. *Griffin v. Hall,* 111 Ala. 601, s. c. 115 Ala. 647; *Paige v. Broadfoot,* 100 Ala. 610; *Zundel v. Baldwin,* 114 Ala. 328; *Ward v. Janney,* 104 Ala. 122; *Morris v. Giddens,* 101 Ala. 571.

O. D. STREET, *contra.*—It is not generality or indefiniteness of description of the premises that renders a deed void, but an uncertainty which the court is able to say can not be removed by proof of all the circumstances.—*Ellis v. Martin,* 60 Ala. 394; *Clements v. Pearce,* 63 Ala. 284.

The tendency of modern decisions is against declaring conveyances void for uncertainty, unless it is plain that they can not be rendered certain by parol evidence. *Chambers v. Ringstaff,* 69 Ala. 140; *Sykes v. Shows,* 74 Ala. 382; *Myer v. Mitchell,* 75 Ala. 475; *DeJarnette v. McDaniel,* 93 Ala. 215; *Webb v. Elyton Land Co.,* 105 Ala. 471; *Randolph v. Carlton,* 8 Ala. 606.

SHARPE, J.—If it be judged alone by what appears on its face, the mortgage exhibited in the bill and sought

to be foreclosed is as to real property void for uncertainty. That which is set out therein as a description of land, is "one and a third (1 1-3) acres of land lying south of W. T. McCord's lot in Albertsville, Ala., in Sec. 15, T. 9, R. 4 east." Standing alone this description fails to distinguish any particular land from other lands in the same locality, it gives no sufficient data wherefrom it could be located by a survey, and refers to no particular appellation, fact or circumstance, which could serve for its identification. According to many authorities such a defect would be classed as a patent ambiguity fatal to the conveyance. In this State it has been settled by decisions so numerous as to establish a rule of property, that mere indefiniteness in description though it be such as to render a deed *prima facie* inoperative does not necessarily have that effect; that evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the conveyance may be looked to for the purpose of identifying its subject matter, and that it is only upon the failure of evidence to give certainty to the description that the instrument will be declared void.—*Moody v. A. G. S. R. R. Co.*, 124 Ala. 195; *Greene v. Dickson*, 119 Ala. 346; *Clement v. Draper*, 108 Ala. 211; *Webb v. Elyton Land Co.*, 105 Ala. 471; *Homan v. Stewart*, 103 Ala. 644; *DeJarnette v. McDaniel*, 93 Ala. 215; *O'Neal v. Seixas*, 85 Ala. 80; *Meyer Bros. v. Mitchell*, 75 Ala. 475; *Chambers v. Ringstaff*, 69 Ala. 140.

That the decree in case of foreclosure might be certain in respect of the property upon which it is to operate, it is proper for the bill to allege a true description of the land and its identity with the land mentioned in the mortgage. That having been done, it is immaterial that the particular facts depended on to establish the identity are not alleged in the pleading. There is no repugnancy between the description set out in the body of this bill and that contained in the mortgage; therefore, to make them conform by proof involves no contradiction or variance of the latter.

The question of whether defendants alleged to have purchased portions of the property are chargeable with

notice of the mortgage is not well raised, for the reason, among others, that the demurrer is addressed to the whole bill which is not confined to those portions but includes in its scope the entire property. The grounds of demurrer relating to notice, however, are not insisted on in briefs for the appellant.

Decree affirmed.

McCLELLAN, C. J., and DOWDELL, J., *dissent,* holding that the bill shows a wholly indefinite description in the mortgage, and fails to allege any fact by which the description could be rendered definite.