# Elliott *v*. Coleman & Davis.

### Bill for Discovery, Damages and Injunction.

(Decided Feb. 14, 1911.   54 South. 491.)

1. *Evidence; Judicial Knowledge.*—The court judicially knows that a section of land, according to the surveys in Alabama, and as contained in a description in the deed contained 640 acres of land.

2. *Deed; Description; Uncertainty.*—Where a deed conveyed round timber for turpentine purposes for a term of three years from the date of boxing, aggregating about 3,500 acres, and covered by the following leases which are hereby transferred, one of which leases herein involved containing the following general description, "100 acres F. N. S. Co., sec 18, T. 1, Range 19," the description was void for uncertainty; and the ambiguity being patent, parol evidence to identify the land would not be received.

3. *Evidence; Patent Ambiguity; Parol to Explain.*—Where the description in the deed is void for uncertainty, and there is no evidence as to the circumstances attending the execution of the deed to authorize the court to determine the intention of the parties as to any particular hundred acres, and no averment that the hundred acre tract claimed is the only one in the section that contained round, pine timber, and the court being without judicial knowledge that other hundred acre tracts in the section did not contain round, pine timber, and there being no proof that the grantor owned and occupied the particular tract in question, parol evidence cannot be received to explain the patent ambiguity in the description.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by H. Elliott against Coleman & Davis, for discovery, accounting for damages, and injunction.  From

a decree for respondent, complainant appeals. Affirmed.

W. O. MULKEY, for appellant. The equity of the bill was determined by this court on former appeal.—*Coleman & Davis v. Elliott*, 40 So. 666. The description in this case could be aided by parol evidence so as to render the description complete. There was no patent ambiguity nor was the description void for uncertainty when aided by parol evidence offered.—*Chambers v. Ringstaff*, 69 Ala. 140; *Humes v. Bernstein*, 72 Ala. 554; *O'Neal v. Seixas*, 85 Ala. 82; *DeJarnette v. McDaniel*, 93 Ala. 215; *Homan v. Stewart*, 103 Ala. 650; *Wiggis v. Steiner*, 103 Ala. 655; *Cragin v. Dickey*, 113 Ala. 310; 13 Cyc. 627. Under the lease the lessee would have the right to select one hundred acres of timber in that section, as it was shown that the lessor owned the section, and the evidence and pleading shows that he had selected the timber on this particular section. —*Sharp v. Thompson*, 100 Ill. 446; 4 Mass. 205; 1 Greenl. on Ev. 300; *Pollard v. Maddox*, 28 Ala. 321; 63 Ala. 284; 76 Ala. 565; 84 Ala. 196. Under the facts in this case the lease was good as between the grantor and Elliott, and if the contract as reduced to writing was void, none but the grantor can take advantage of it, especially where the respondents do not claim in privity with Elliott or his grantor.—*Riddle v. Brown*, 50 Ala. 198; *Bingham v. Heflin*, 56 Ala. 574; *Gordon v. Tweedy*, 71 Ala. 203; *Mitchell v. Myer*, 75 Ala. 476: *Sayre v. Wilson*, 86 Ala. 151.

C. D. CARMICHAEL, for appellee. The asserted right of complainant constituted an interest or estate in land.—*Millikin v. Faulk*, 111 Ala. 658. Injunction will not lie to take property out of the possession of one and put it in the possession of another.—141 Ala.

664; 16 A. & E. Enc. of Law, 364. The object of an injunction is to preserve the property in statu quo.— *Clay v. Powell,* 85 Ala. 538; High on Injunction, 534. The most the court will do is to retain the injunction until the title is decided in the proper court.—92 Ala. 490. Counsel insist that the description is void, that the ambiguity is patent, and cannot be aided by parol proof, and that, therefore, the claimant had not made out its case.—*Chembers v. Ringstall,* 69 Ala. 140; *Brannon v. Henry,* 142 Ala. 698; *Humes v. Bernstein,* 72 Ala. 46; *Green v. Dickson,* 119 Ala. 364; *Dykes v. Bottom,* 101 Ala. 390; s. c. 102 Ala. 583; *Angel v. Simpson,* 85 Ala. 53.

DOWDELL, C. J.—This appeal is taken from a final decree on the submission of the cause upon the pleadings and the evidence. The only assignment of error is the rendition of this decree.

The bill is based upon the complainant's asserted claim of right, for turpentine purposes, to the pine timber on the land described in the bill. This claim of right is denied by the respondents in their answer to the bill; the respondents asserting in their answer that they are the owners of the timber in question for turpentine purposes. Among other things, the prayer of the bill was for a temporary injunction, which was obtained, against the respondents, who were, prior to and at the time of the filing of the bill, in the possession of said timber, restraining them from boxing the trees and taking the turpentine therefrom. The complainant, in establishing his asserted right or claim, introduced in evidence an instrument in writing designated as "Exhibit C" to the deposition of the witness W. C. Laughlan, and all of complainant's testimony refers to this exhibit as the source of complainant's claim, and as far

as we are able to gather from a careful reading of the testimony there is no pretense of a claim derived through any other source. Exhibit C appears to be a deed from the Floralla Naval Stores Company, a corporation, to the complainant, conveying certain property, and among other things contains the following: "Together with the round timber for turpentine purposes, for a term of three years from the date of boxing same, aggregating about thirty-five hundred acres (3,500), and covered by the following mentioned leases, which are hereby transferred." Following this, among a large number of general descriptions, is found the following: "100 acres W. Currington, Sec. 18, T. 1, R. 19; 100 acres F. N. S. Co., Sec. 18, T. 1, R. 19; and 80 acres F. N. S. Co., Sec. 17 & 18, T. 1, R. 19." There is no recital in the deed, Exhibit C, other than the above description, referring to these lands.

That the description is void for uncertainty we have no doubt. We judicially know that "Sec. 18" contains 640 acres, which is capable of division into several different tracts, six of which may contain 100 acres each. The description in the deed would apply equally to any one of the six different tracts as well as to the other. In *Chambers v. Ringstaff*, 69 Ala. 140, cited and relied on by counsel for appellant, it was said: "The distinction between latent and patent ambiguity has long existed, and the general rule applicable to each class of cases should not be disturbed. When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, things, etc., this is patent ambiguity, ambiguity apparent. In such case the rule is clear, and we do not wish to depart from it, that parol proof of what was intended by the contracting parties will not be received. Latent ambiguity exists when on the face of the paper no doubt or uncer-

tainty exists, but by proof aliunde the language is shown to be alike applicable to two or more persons, things, etc. When this is the case, the uncertainty or ambiguity may be explained or cleared up by the same character of proof as that by which it is made to appear. There are cases involving principles which are scarcely referable to either of these heads. They may be styled exceptional shadings of patent ambiguity. They arise when on mere inspection there does appear to be an uncertainty or ambiguity. This frequently grows out of a careless use of language, and sometimes results from the many shades of meaning, usage, and provincial habit accorded to the same word or expression. Out of this has grown a seeming modification of the old rule as to patent ambiguity, which Mr. Justice Storey has characterized as an intermediate class, partaking of the nature both of latent and patent ambiguity."

This court, in upholding contracts, has perhaps gone as far as any other court in extending the doctrine applied to that class of cases designated as the intermediate class, and in the admission of parol proof to save the contract from what "on mere inspection" on its face would appear a patent ambiguity. But no authority has been cited to warrant the application of the doctrine to the present case on the facts in the record. There is no evidence as to the circumstances attending the execution of the deed to authorize the court in determining the intention of the parties as to any particular one hundred acres. It is insisted in argument that the description "round pine timber" in the deed is sufficient to admit parol evidence, and save the contract from indefiniteness, since the court cannot judicially know that any other 100-acre tract in the section than that described in complainant's bill contained

"round pine timber." The answer is: There is no such averment in the bill, and no proof offered, and the court cannot judicially know that other 100-acre tracts in the section did not contain "round pine timber." In this respect there is no room for the exercise of judicial knowledge. Without undertaking to do so here, we feel safe in saying that all of the many cases cited in brief of appellants can be distinguished from the case before us. In the case of *De Jarnette v. McDaniel*, 93 Ala. 215, 9 South. 570, cited and relied on by counsel, the opinion shows that proof was made that the mortgagor resided upon the land and owned no other land. So, too, in the case of *Chambers v. Ringstaff*, *supra*, with the aid of judicial knowledge the court knew that the land, described by section, township, and range, omitting the state, county, and land district, was situate in Montgomery county, and that there was no land elsewhere in the state answering the description, and it was further shown that the mortgagor resided on it, and there was no evidence that the mortgagor owned land any where else; and from this the court argues it was reasonable to conclude that the land in question was the only land the mortgagor owned, rather than, in the absence of evidence, to conclude that he owned land answering the description in the mortgage in some other state. Such we apprehend would not have been the reasoning, if there had been other tracts of land in Montgomery county answering the description; but in such case proof would have been required showing that the mortgagor owned no other land than that which he resided on, as was done in the case of *De Jarnette v. McDaniel, supra*. There is no evidence in the record that the Florala Naval Stores Company resided on the land in question, or that it did not own other tracts in "Sec. 18," or, as for

that matter, all of said section; and, in the absence of proof that the Floralla Naval Stores Company owned and occupied the land in question, we are unwilling to extend the rule in the cases just cited on the facts in the present case.

The strongest case, perhaps, in support of appellant's contention, is that of *Caston v. McCord*, 130 Ala. 320, 30 South. 431, wherein is cited most of our cases that are cited in appellant's brief. The description in that case was, however, more definite than in the case under consideration, and the appeal was from a ruling on demurrer to the bill, and not from a final decree on pleadings and evidence, as here. The description in that case, though indefinite, recited enough to draw it within the class of cases designated in *Chambers v. Ringstaff, supra,* as "intermediate," and it was left open to be aided by parol evidence. In the still more recent case of ours of *Brannon v. Henry*, 142 Ala. 701, 39 South. 92, 110 Am. St. Rep. 55, the doctrine as laid down in *Chambers v. Ringstaff*, and quoted above by us, is there reiterated. We cannot think that it was ever intended in *Caston v. McCord, supra,* to depart from the enementary rule that a patent ambiguity cannot be aided by parol evidence, as stated in the case of *Chambers v. Ringstaff*, and nothing more was intended than to assert the doctrine of modification of the rule in exceptional cases. But, be that as it may, there can be no doubt of a patent ambiguity on the face of the contract under consideration, and there is no proof in this case, which was on final hearing on pleadings and proof before the chancellor for final decree, to bring it within the class of exceptional cases spoken of above. So the learned chancellor concluded, as indicated in his opinion copied in the record, accompany-

[Hardeman v. Doneghey.]

ing his decree denying relief and dismissing complainant's bill, and we concur in his conclusion.

We find no error in the decree appealed from, and it is affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.