(110 So. 610)

### EAST et al. v. KARTER. (6 Div. 596.)

(Supreme Court of Alabama. June 17, 1926. Rehearing Granted Dec. 9, 1926. Second Application for Rehearing Denied Jan. 6, 1927.)

On Rehearing.

1. **Deeds ⇐⇒38(1)—Destruction of deed for indefiniteness is not favored.**

Law leans against destruction of deed for uncertainty of description.

2. **Deeds ⇐⇒38(4)—Deed describing each lot as "part of lot," specifying number and size, in C. county, held sufficiently definite, in view of averments of grantor's possession and her ownership of no other lots in such county.**

Deed describing each lot as "part of lot," specifying number and dimensions, and as lying in designated county, in view of averments that no other lots in this county bore those numbers, that grantor owned and possessed them, and none others except one, held to sufficiently describe lot, since description furnishing means of making it certain by proof is sufficient.

Anderson, C. J., and Sayre and Miller, JJ., dissenting.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Bill in equity by Frank A. Karter against Esther Beyer East, John F. Beyer, and George H. Karter. Respondents Esther Beyer East and John F. Beyer filed a cross-bill against Frank A. Karter and George H. Karter. Demurrer to the cross-bill was sustained, and cross-complainants appeal. Reversed and remanded.

The bill alleges that the parties are joint owners of the property involved, complainant and respondents George H. Karter and Esther B. East each owning an undivided one-third interest in each of the three parcels, the interest of respondent East being subject to the life estate of respondent Beyer. It is further alleged that the property cannot be equitably divided or partitioned, and it is prayed that a sale of the lands for division be decreed.

Respondent George A. Karter answered, admitting the allegations of the original bill to be true.

Respondents East and Beyer filed answer and cross-bill, making as parties cross-respondent the original complainant and respondent George H. Karter. After denial of the material averments of the original bill, the cross-bill, by paragraph 2, avers:

"In her lifetime Mary B. Karter, who was the mother of the complainant, Frank A. Kar-ter, the respondent George Karter, and Adaline J. Beyer (the mother of the respondent Esther Beyer East) owned, and was in the undisputed possession of, a part of lot No. 353 in the city of Cullman, Cullman County, Ala., as known and designated on the recorded map of said town or city, and more particularly described as follows: Commencing at a point on First Avenue West in said city of Cullman, 50 feet and 9 inches north of the southeast corner of said lot 353; thence running northwardly along said First Avenue West 29 feet 3 inches; thence running at right angles westwardly 132 feet; thence southwardly at right angles 29 feet 3 inches; thence eastwardly at right angles 132 feet to a point of beginning, upon which was then and now is situated a one-story building, generally known as the Hussler building. Also a part of lot 494 in the city of Cullman, Cullman County, Ala., as known and designated on the recorded map or plat of said town or city, and more particularly described as follows: Commencing at the southwest corner of said lot 494, thence running in an easterly direction along the south line of said lot 132 feet; thence at right angles in a northerly direction to east line of said lot 104 feet; thence at right angles in a westwardly direction 132 feet; thence in a southwardly direction along the west line of said lot to point of beginning. Also lot Number 492 in the city of Cullman, Cullman county, Ala., as known and designated on the recorded map of said town, said lot fronting Sixteenth street in the city of Cullman, Ala., 132 feet, and also on Third avenue 165 feet, and upon which is situated three small rent houses now occupied by tenants."

Paragraph 3 is as follows:

"That said property above described, and lot 522 in the city of Cullman, Ala., upon which was located the home of the said Mary B. Karter and her husband, J. H. Karter, was all the real estate owned by the said Mary B. Karter on the 9th day of July, 1917; that there were no lots in Cullman county other than said lots that were designated by the numbers above set forth in the description of said property."

By paragraph 4 it is averred that Mary B. Karter and her husband, John H. Carter, July 9, 1917, by deed conveyed said property, other than the homestead, to Adeline J. Beyer; paragraph 5, that Adeline Beyer died, leaving surviving her husband, respondent John F. Beyer, who has a life estate in all the property owned by said Adeline, and respondent East, her child and only heir at law; paragraph 6, that the house located on lot 492 is occupied by tenants of cross-complainants, and that original complainant has harassed and annoyed said tenants by trespassing on the premises, disconnecting the water pipes, posting warning signs on the premises, threatening any one attempting to replace the pipes, and that the tenants have refused to pay the rent until water is supplied to them. Cross-complainants seek an injunction requiring original complainant to replace the water pipes disconnected by him, and re-

⇐⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

straining him from further going upon the premises for unlawful purposes.

The deed from Mary B. and John H. Karter to Adeline J. Beyer is made an exhibit to the cross-bill. The description of property contained in the deed is set out in the opinion.

The complainant demurred to the cross-bill upon the ground, among others, that the deed set up by the cross-bill is void for uncertainty in description. The trial court sustained the demurrer, and this appeal by the cross-complainants followed.

Brown & Bland, of Cullman, and Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

The law leans against the destruction of deeds for uncertainty of description, and a description which furnishes the means of making it certain is sufficient. Nolen v. Henry, 190 Ala. 544, 67 So. 500, Ann. Cas. 1917B, 792; Minge v. Green, 176 Ala. 348, 58 So. 381; Pollard v. Maddox, 28 Ala. 321; Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609; Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am. St. Rep. 923. To constitute a patent ambiguity, the description, on its face, must apply equally to two or more separate tracts or parcels of land. Chambers v. Ringstaff, 69 Ala. 140. In cases of "exceptional shading of ambiguity," as here, it is permissible to aid the description by showing the surroundings and situation of the parties and thing described, and if the description is made certain when read in the light of these circumstances, the conveyance should be sustained. Chambers v. Ringstaff, supra; Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann. Cas. 1917B, 792; Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am. St. Rep. 923; Dixie Ind. Co. v. Benson, 202 Ala. 153, 79 So. 615; Russell v. Garrett, 208 Ala. 92, 93 So. 711; Nelson v. Shelby Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Head v. Sanders, 189 Ala. 443, 66 So. 621; Daniel v. Wade, 203 Ala. 355, 83 So. 99; Wright v. L. & N., 203 Ala. 118, 82 So. 132; Harris v. Byrd, 202 Ala. 78, 79 So. 472. The mortgage to which reference is made in the deed will be considered for purposes of interpretation. Brannan v. Henry, 142 Ala. 702, 39 So. 92, 110 Am. St. Rep. 55; Southern I. & S. Co. v. Stowers, 189 Ala. 314, 66 So. 677. The description in the deed is aided and strengthened by the averments of the cross-bill. O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Harrelson v. Harper, 170 Ala. 119, 54 So. 517; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Thrasher v. Royster, 187 Ala. 350, 65 So. 796.

F. E. St. John and Emil Ahlrichs, both of Cullman, for appellee.

There is patent ambiguity in the description in the deed, a defect apparent on the face of the deed itself, and parol evidence will not be received in aid of the description. Chambers v. Ringstaff, 69 Ala. 140; Johnson v. Whitfield, 124 Ala. 511, 27 So. 406, 82 Am. St. Rep. 196; Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343; Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am. St. Rep. 55; Birmingham Sec. Co. v. University, 173 Ala. 116, 55 So. 240; Greene v. Dickson, 119 Ala. 346, 24 So. 422, 72 Am. St. Rep. 920; State v. Phil Campbell, 177 Ala. 211, 58 So. 905; Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343. The fact that the deed is to a part of a larger tract shows on its face that the description would apply to two or more parts of said tract. 2 Devlin on R. E. (3d Ed.) 1908–1916; Mutual B. & L. Ass'n v. Wyeth, 105 Ala. 639, 17 So. 45; Carling v. Wilson, 177 Ala. 85, 58 So. 417. The deed is void, for the reason that it refers to no map or plat. Thrasher v. Royster, 187 Ala. 350, 65 So. 796.

SAYRE, J. Appellee filed his bill for the sale and partition of three certain lots in the city of Cullman. By their cross-bill appellants interposed their claim of ownership of the entire fee. The court sustained appellee's demurrer to the cross-bill, and the cross-complainants have appealed.

The instrument in the form of a conveyance under which appellants claim title describes the lots in controversy as follows:

"Part of lot No. 353 being 29' 3"x132; part of lot No. 494 being 104x132; part of lot No. 492 being 165x132.

"On part of lot No. 353 there is a mortgage in favor of the Improved Building & Loan Association, situated and lying and being in the county of Cullman and state of Alabama."

The muniment of title under which appellants claim is void for uncertainty, because there is nothing to show what "part" is intended. Mutual Building & Loan Ass'n v. Wyeth, 105 Ala. 639, 17 So. 45; Tierney v. Brown, 65 Miss. 563, 5 So. 104, 7 Am. St. Rep. 679; 2 Devlin on Real Estate (3d Ed.) § 1011a; 8 R. C. L. p. 1083, § 140.

We do not see that the reference to a mortgage helps the matter in the least, for, if it be assumed that the mortgage adequately describes the part with which it deals, there is nothing to show that the part described in appellants' muniment is identical with the part described in the mortgage. Moreover, it may well be said that the reference to certain numbered lots means nothing in the absence of further reference to some certain existent map or plat showing the lots to which the so-called deed refers. Thrasher v. Royster, 187 Ala. 350, 65 So. 796.

The reliance for appellant is upon Chambers v. Ringstaff, 69 Ala. 140. We think the facts in that case suffice to show grounds of discrimination which should be observed. The difficulty with appellee's muniment of title in that case was, not that it failed ade-

quately to describe the parts of sections 7 and 17 which his mortgage undertook to convey, that is, there was no suggestion that the parts of the named sections were inadequately described so far as concerned the location of the parts within the sections, but only that nothing was therein said of the state, county, land district, or government survey in which the land lay. However, the instrument did show that sections 7 and 17, to which it referred, were in township 12, range 18. Said the court:

"There is but one range 18 in the state, and that lies east of the basis meridian of St. Stephens. There is but one township 12 that bisects range 18, and that is north of that survey."

So then the only defect in appellee's muniment of title was that it failed to show that the land was situate in this state. In Meyer Bros. v. Mitchell, 75 Ala. 475, the description in the case upon which appellant relies was referred to in this language, Stone, C. J., concurring, presumptively:

"In Chambers v. Ringstaff, 69 Ala. 140, a description of lands in a mortgage, void on its face for ambiguity, was allowed to be aided by oral evidence showing that the grantor owned and resided on certain lands in this state, which were known and described by the same numbers as those employed in the mortgage. The ambiguity there arose from the fact that the description employed in the instrument was, on the face of it, equally applicable to many tracts of land located in various government surveys. The conclusion was reached upon the principle that parol evidence was admissible to show the surrounding or attendant circumstances under which the contract was made, and to identify the subject-matter to which the parties referred."

In Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646, the court said:

"It is true the deed in question [meaning the deed in question in the case then under consideration] conveys the land by numbers merely, without designating either county or state. But the bill of complaint shows that the grantee [grantor?] at that time owned and was in possession of lands in Jefferson county, Ala., described by these identical numbers; and, it not appearing that he then owned other lands described by these numbers, the identification is sufficient, and the conveyance will be pronounced valid"—citing Chambers v. Ringstaff, supra.

In Chambers v. Ringstaff the court said:

"When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, things, etc., this is patent ambiguity, or ambiguity apparent. In such case, the rule is clear, and we do not wish to depart from it, that parol proof of what was intended by the contracting parties will not be received."

If the learning of that case has any bearing upon the case in hand, it means that the deed under which appellants claim was affected by patent ambiguity, and that the explanation of it offered in appellants' cross-bill cannot be received.

But, when the court came to consider a conveyance describing the subject of conveyance as "certain portions of a lot in the town of Guntersville, Marshall county, state of Alabama, more particularly described as follows, that is to say, two-thirds of the following described lot number 3," which lot No. 3 was accurately described, it said:

"We are of the opinion that the deed of April 25, 1888, from Louis Wyeth to John Brisser and the mortgage of the same date from John and Louise Brisser to Louis Wyeth were each utterly void for uncertainty of description of the land intended to be conveyed. The conveyance is not of the lot which is sufficiently described, nor of an undivided interest in said lot, but only of 'certain two-thirds' of a particularly described lot without any description or even attempted identification of the particular two-thirds of the parcel intended to be embraced in the instruments. The language used would as certainly cover the west two-thirds as the east, or the north or south two-thirds as the east or west, and as well the north as the south, and vice versa; and it cannot be said that it embraces any particular two-thirds part * * * of it, or that a grant of two-thirds of a certain section passes title to the south-west quarter thereof. No title passed to Brisser by this deed, and, both because he was without title and that his mortgage back was void for the like uncertainty of description, nothing passed to Wyeth by that instrument." Mutual Building & Loan Ass'n v. Wyeth, supra.

That case may not be on all fours with this, but at least it evidences the purpose of the court as then constituted to preserve a remnant of the statute of frauds in such cases.

We have said enough to dispose of the appeal.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

GARDNER, J. (dissenting). The lots sought to be conveyed to cross-complainant (the dimensions of which form a part of their description in the deed) are more particularly described in paragraphs 2 and 3 of the cross-bill, in connection with the further averment that there were no other lots in Cullman county bearing the numbers set out in the description in the deed; that the grantor owned and was in possession of these lots therein specifically described, which lots were designated upon the recorded map of said city or town; and that she owned no other lot of land in Cullman county other than

said lots which constituted the only real estate owned by said grantor at the time of the execution of this deed, with the single exception of lot 522 in the city of Cullman, upon which was located grantor's home, and which is not here involved.

The rule is well settled that the law leans against the destruction of a deed for uncertainty of description. Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann. Cas. 1917B, 792. And in Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am. St. Rep. 923, it was said:

"This court has gone as far as any other, in admitting parol evidence to sustain the validity of deeds, assailed upon the ground of indefiniteness in the description of the land, but the rule which we have adopted promotes justice, and does not open the door to fraud and perjury."

See, also, Minge v. Green, 176 Ala. 343, 58 So. 381, and authorities therein cited. The case of Mutual Bldg. & Loan Ass'n v. Wyeth, 105 Ala. 639, 17 So. 45, is distinguishable upon the facts.

I am persuaded the averments above referred to in connection with all other allegations bring the case within the well-recognized rule of Chambers v. Ringstaff, 69 Ala. 140. "A description which furnishes the means of making it certain by proof is sufficient." Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609.

To the foregoing may be added the following authorities in support of this view and the sufficiency of the cross-bill: Ellis v. Burden, 1 Ala. 458; Reynolds v. Shaw, 207 Ala. 274, 92 So. 444; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Caston v. McCord, 130 Ala. 320, 30 So. 431; Homan v. Stewart, 103 Ala. 644, 16 So. 35. Mead v. Parker, 115 Mass. 413, 15 Am. Rep. 110.

I therefore respectfully dissent.

THOMAS, J., concurs.

On Rehearing.

PER CURIAM. [1, 2] Upon a reconsideration of this cause a majority of the court, consisting of Justices SOMERVILLE, GARDNER, THOMAS, and BOULDIN, are persuaded the application for rehearing should be granted, and are in accord with the dissenting views of Justice GARDNER hereinabove set out, and such dissenting opinion is adopted as the opinion of the court.

It results, therefore, that the application is granted, and the decree appealed from is reversed and the cause remanded.

Reversed and remanded.

SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

ANDERSON, C. J., and SAYRE and MILLER, JJ., dissent.