174 So. 506

**SHELLEY v. MURPHY.**

4 Div. 945.

Supreme Court of Alabama.

April 8, 1937.

Rehearing Denied June 3, 1937.

312

J. N. Mullins and E. S. Thigpen, both of Dothan, for appellant.

Halstead & Smith, of Headland, for appellee.

BROWN, Justice.

This is a bill by the purchaser of real property against the seller for specific performance of the contract to convey.

The demurrer of the defendant, questions the equity of the bill and the sufficiency of its averments in several respects, notably, that the contract is void for its uncertainty in the description of the land; that the contract is violative of the statutes of frauds, and that the bill seeks specific performance of a contract other than that entered into by the parties. A copy of the contract is made an exhibit to the bill and appears in the statement of the case by the reporter.

The land is described in the contract —captioned "The State of Alabama, Henry County"—as "310 acres of land in Henry County, Alabama, *known as 150 acres of the John Murphy* place and 160 acres known as Mrs. Martha Murphy place." The appellant's contention here is that that portion of the description above italicized constitutes a patent ambiguity in the description, and extrinsic evidence is not admissible to aid such description. Citing in support of this contention, Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343.

In the cited case it was observed "All the complainant could ask would be that the contract alleged be specifically enforced by compelling respondents to convey the property described in the bill. If that should be done, the deed would be absolutely void, on account of indefiniteness and uncertainty as to the property conveyed or attempted to be conveyed. Certainly the court ought not to compel the doing of such a useless thing. It will be observed that certain parts of sections 19, 20, 29, and 30 are particularly described, and the land is described as being in Talladega county, and state of Alabama, and as being in township 21, ranges 1 and 2 east. Which sections are of range 1, and which of range 2? Or does the description include the corresponding sections in both ranges?"

There the description was equally applicable to two or more tracts—a clear case of patent ambiguity. Chambers v. Ringstaff, 69 Ala. 140.

Not so here. If there is a tract of land "known as 150 acres of the John Murphy place" in Henry county of which the complainant went into possession under the contract, and of which he was in possession at the filing of the bill, as the bill avers, the description is within the influence of the maxim, "Id certum est quod reddi potest." Minge v. Green, 176 Ala. 343, 58 So. 381, 383; Penney v. Norton, 202 Ala. 690, 81 So. 666; East v. Karter, 215 Ala. 375, 110 So. 610; Second Appeal, Karter v. East, 220 Ala. 511, 125 So. 655; Nolen v. Henry, 190 Ala. 540, 544, 67 So. 500, Ann.Cas.1917B, 792. The other lands described as "160 acres known as the Mrs. Martha Murphy place," likewise may be so aided, and made certain.

█ There is no merit in the appellant's contention that the contract violates the statutes of frauds (Code 1923, § 8034). The consideration is clearly expressed as $5,000, and the averments of the bill show that the complainant has paid on that consideration 4,000 pounds of middling lint cotton, and the contract obligates the complainant to refund the taxes paid by the defendant for the years of 1934 and 1935, and obligates the defendant to convey upon payment by complainant of the balance of the purchase money.

These facts negate the appellant's contention that the contract is unilateral.

The bill is not subject to any of the grounds stated in the demurrer. Therefore the demurrer was properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.